No. 02–2281.

United States Court of Appeals, Second Circuit.

June 20, 2003.

**Phillip HIBBERT, Petitioner–Appellant,**

v.

**John ASHCROFT, Attorney General; James Zigler, Commissioner, Immigration and Naturalization Service; Christine Davis, District Director of New Orleans District Office, INS; Nancy Hooks, as Officer in Charge, at Oakdale Federal Detention; United States Immigration and Naturalization Service, Respondents–Appellees.**

Phillip Hibbert, Federal Detention Center, Oakdale, L.A., for Appellant, pro se.

Alan Vinegrad, United States Attorney for the Eastern District of New York (Deborah B. Zwany, Assistant United States Attorney, Dione M. Enea, Special

Assistant United States Attorney, of counsel), Brooklyn, N.Y., for Appellee.

PRESENT: FEINBERG, SACK, Circuit Judges, and MURTHA, District Judge.*

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Petitioner-appellant Phillip Hibbert appeals from the district court's April 8, 2002, judgment denying his 28 U.S.C. § 2241 habeas corpus petition challenging a final order of removal of the Bureau of Immigration Appeals ("BIA") and his administrative detention pursuant to Immigration and Nationality Act ("INA") § 236(c).

Hibbert is a native and citizen of Jamaica whose date and place of entry into the United States are unknown to the Immigration and Naturalization Service ("INS"). In March 1998, following a guilty plea, Hibbert was convicted in Nassau County of fifth-degree criminal sale of a controlled substance, a New York felony, for which he was sentenced to between 2 and 4 years in prison.

The district court denied Hibbert's § 2241 petition, finding that (1) he was not eligible for § 212(c) relief because such relief is not available to aliens such as Hibbert who pled guilty to an aggravated felony after the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (1996), took effect; (2) he was also ineligible for § 212(h) relief because that relief is available only to aliens who, unlike Hibbert, have been convicted of only a single offense of simple possession of 30 grams or less of marijuana; and (3) his challenge to his detention under § 236(c) was rendered moot because, by virtue of the BIA decision, he was no longer held under that provision, but instead, under § 241(a), which applies to aliens whose removal order is final; and, (4) even assuming that he challenged his detention under § 241(a), a detention period of less than 6 months is presumptively reasonable under *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), and "Hibbert submitted nothing to overcome that presumption."

We review *de novo* legal questions such as whether it is permissible to apply retroactively the IIRIRA to an alien whose criminal conduct pre-dates the enactment of IIRIRA. *See Domond v. INS,* 244 F.3d 81, 84 (2d Cir.2001) (applying identical standard in the context of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

Stat. 1214 (1996)). As we have observed, *"Domond* held that an alien, subject to removal because of a felony committed prior to the effective dates of [AEDPA] and [IIRIRA] but convicted after those dates[,] was ineligible for discretionary relief pursuant to former section 212(c)." *Mohammed v. Reno,* 309 F.3d 95, 97 (2d Cir.2002). *Hibbert* is thus ineligible for such discretionary relief.

We previously issued an order granting a stay of Hibbert's removal and holding his appeal in abeyance until we issued decisions in *Zgombic v. Farquharson,* No. 00–6165, 2003 WL 21243248 (2d Cir. May 29, 2003), and *Mohammed v. Reno,* 309 F.3d 95 (2d Cir.2002), because these cases reviewed the continuing vitality of *Domond,* 244 F.3d at 85–86. *Zgombic* and *Mohammed* have now been decided, and *Domond* remains good law. We conclude that neither *Zgombic* nor *Mohammed* supports Hibbert's § 212(c) claim, and we therefore affirm the district court's judgment and lift the stay. *See Domond,* 244 F.3d at 84; *Rankine v. Reno,* 319 F.3d 93, 100 (2d Cir.2003).

In *Mohammed,* we decided that, "at least for purposes of considering the pending motion to lift the stay, ... *Domond* remains binding authority in this Circuit." *Mohammed,* 309 F.3d at 103. And since the *Mohammed* decision, we have recognized that *Domond* remains good law. *See Rankine,* 319 F.3d at 100 (noting that "an alien who committed his crime prior to § 212(c)'s repeal, but was convicted after such relief became unavailable, could not claim an impermissible retroactive effect as to him because he had 'no basis for claiming similar reliance' to the alien in *St. Cyr [v. INS,* 229 F.3d 406 (2d Cir.2000), *aff'd,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)]") (quoting *Mohammed,* 309 F.3d at 103); *Beharry v. Ashcroft,* 329 F.3d 51, 63–64 (2d Cir.2003) (recognizing that this Court in *Rankine*

"indicated that *Domond* remains good law"); *see also Zgombic,* 2003 WL 21243248, at *1 (unpublished summary order). Hibbert therefore presents no meritorious § 212(c) claim in this appeal.

Hibbert claimed in his § 2241 petition that his detention under § 236(c) was unconstitutional and that he was eligible for relief under § 212(h). We need not and do not review these claims because he failed to raise them on appeal. *See LoSacco v. Middletown,* 71 F.3d 88, 92–93 (2d Cir. 1995).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED and the stay is lifted.