We have considered all of Chase's arguments and find them to be without merit. The district court's judgment is therefore AFFIRMED.

Fazila KHAN, Petitioner–Appellant,

v.

John ASHCROFT, Attorney General of the United States; Doris Meissner, Commissioner, Immigration and Naturalization Service; Edward McElroy, New York District Director, Immigration and Naturalization Service; Immigration and Naturalization Service; U.S. Department of Justice, Respondents–Appellees.

Docket No. 03–2126.

United States Court of Appeals, Second Circuit.

Argued: Oct. 28, 2003.

Decided: Dec. 9, 2003.

Matthew L. Guadagno, New York, New York (Kerry William Breetz, Jules E. Coven, Breetz & Coven, New York, New York, on the brief), for Petitioner–Appellant.

Kristen Chapman, Assistant United States Attorney, Brooklyn, New York (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Assistant United States Attorney, Brooklyn, New York, on the brief), for Respondents–Appellees.

Before: FEINBERG, KEARSE, and RAGGI, Circuit Judges.

KEARSE, Circuit Judge.

Petitioner Fazila Khan appeals from a judgment of the United States District Court for the Eastern District of New York, Edward R. Korman, *Chief Judge,* dismissing her petition for a writ of habeas corpus challenging the constitutionality of § 440(d) of the Antiterrorism and Effec-

*v. Comm'r of Corr. Servs.,* 235 F.3d 804, 816 n. 11 (2d Cir.2000).

tive Death Penalty Act ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214, 1277 (1996), which bars the United States Attorney General from granting a discretionary waiver of deportation under former § 212(c) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1182(c) (1994) (repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104–208, Div. C, § 304(b), 110 Stat. 3009–546, 3009–597), to any alien who is removable from the United States by reason of her conviction of an aggravated felony. The petition alleged that AEDPA § 440(d) cannot constitutionally be applied to Khan, who pleaded guilty after the effective date of AEDPA, because her offense conduct predated AEDPA's effective date. The district court dismissed the petition, citing this Court's decision in *Mohammed v. Reno,* 309 F.3d 95 (2d Cir.2002) ("*Mohammed*"). On appeal, Khan contends principally (a) that the panel that decided *Mohammed* did not intend its decision to be binding in other cases, and (b) that *Domond v. INS,* 244 F.3d 81 (2d Cir.2001) ("*Domond*"), relied on by *Mohammed,* was implicitly overruled by the Supreme Court in *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) ("*St. Cyr II*"). For the reasons that follow, we reject all of Khan's contentions and affirm the judgment of the district court.

In November 1996, Khan, a citizen of Guyana who had been admitted to the United States as a permanent resident alien, pleaded guilty to using a telephone to facilitate the distribution of heroin, in violation of 21 U.S.C. §§ 843(b) and (d), an aggravated felony within the meaning of the INA, *see* 8 U.S.C. § 1101(a)(43)(B) (defining "aggravated felony" to include any "drug trafficking crime (as defined in section 924(c) of title 18)"); 18 U.S.C. § 924(c)(2) (defining "drug trafficking crime" to include "any felony punishable

under the Controlled Substances Act (21 U.S.C. 801 et seq.)"). As a result of that conviction, Khan was found removable from the United States, *see* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). Although former INA § 212(c) gave the Attorney General discretion to waive deportation for certain permanent resident aliens, Khan was ruled ineligible for that relief in light of AEDPA § 440(d), which made § 212(c) discretionary relief unavailable to any alien who "is deportable by reason of having committed any criminal offense covered in [8 U.S.C. § 1227(a)(2)(A)(iii)]." Pub. L. 104–132, § 440(d), 110 Stat. at 1277.

Khan's present habeas petition asserted, and she argues on this appeal, that AEDPA's prohibition against discretionary relief under former INA § 212(c) cannot constitutionally be applied to her because her criminal conduct occurred prior to AEDPA's April 24, 1996 effective date. We hold that this argument is foreclosed by this Court's precedents. *See, e.g., Mohammed,* 309 F.3d at 102–03; *Domond,* 244 F.3d at 85–86.

In *Domond,* this Court held that the application of AEDPA § 440(d) to an alien whose offense conduct occurred prior to AEDPA's effective date is not impermissibly retroactive where the alien pleaded guilty after AEDPA's effective date. *See* 244 F.3d at 85–86. Using the analytical framework set forth in *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), we inquired, first, whether Congress had expressed its intent as to whether AEDPA § 440(d) was to apply to an alien whose criminal conduct predated AEDPA's enactment but whose conviction followed AEDPA's effective date, and, second, if there was no clear expression of intent, whether the section had a retroactive effect. *See Domond,* 244

F.3d at 84–85. We concluded that Congress's intent as to retrospectivity was ambiguous. *See id.* at 85. We then concluded that § 440(d) imposed no new legal consequences on such an alien, given that " '[i]t is the conviction, not the underlying criminal act, that triggers the disqualification from § 212(c) relief,' " *id.* at 85–86 (quoting *St. Cyr v. INS,* 229 F.3d 406, 418 (2d Cir.2000) ("*St. Cyr I*") (other internal quotation marks omitted), *aff'd, St. Cyr II,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)), and that the section thus did not have a retroactive effect. Accordingly, application of § 440(d) to Domond did not violate his rights under the Due Process or *Ex Post Facto* Clauses.

Khan contends that the Supreme Court decision in *St. Cyr II* implicitly overruled our decision in *Domond.* We disagree. In *St. Cyr II,* which affirmed this Court's decision in *St. Cyr I,* the alien whose conduct constituted an aggravated felony had entered his plea of guilty prior to the enactment of AEDPA and IIRIRA. In *St. Cyr I,* we therefore concluded that the application of AEDPA § 440(d) to him would have a retroactive effect. *See* 229 F.3d at 418. Further, we reasoned that, in light of "the dramatic impact removal would have on a legal resident's life," a lawful permanent resident would likely elect to concede guilt to a crime rendering him removable "only . . . in order to be eligible to apply for relief from removal." *Id.* at 419. As the retroactive application of § 440(d) to an alien who had pleaded guilty prior to its enactment would upset his settled expectations, we concluded that that application was impermissible. In affirming this ruling, the Supreme Court stated that depriving an alien of the benefits of a plea entered into at a time when § 212(c) discretionary relief was available would be contrary to " 'familiar considerations of fair notice, reasonable reliance, and settled expectations.' " *St. Cyr II,* 533

U.S. at 323, 121 S.Ct. 2271 (quoting *Landgraf,* 511 U.S. at 270, 114 S.Ct. 1483). The *St. Cyr II* Court concluded that "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief *at the time of their plea under the law then in effect.*" 533 U.S. at 326, 121 S.Ct. 2271 (emphasis added).

We see nothing in *St. Cyr II* that detracts from the result or reasoning of *Domond.* This Court's decision in *St. Cyr I* had been issued shortly before the oral argument in *Domond,* and in deciding the latter case, we noted the difference in the timing of the aliens' guilty pleas in the two cases. We expressly applied the principle noted in *St. Cyr I, i.e.,* that " '[i]t is the conviction, not the underlying criminal act, that triggers the disqualification from § 212(c) relief,' " *Domond,* 244 F.3d at 85–86 (quoting *St. Cyr I,* 229 F.3d at 418) (other internal quotation marks omitted). But whereas in *St. Cyr I,* the alien's plea of guilty prior to the passage of AEDPA § 440(d) could have been entered in reliance on the possibility of being granted a § 212(c) discretionary waiver of deportation, in *Domond* we noted that, in contrast, "it cannot reasonably be argued that aliens committed crimes in reliance on" such a possibility. *Domond,* 244 F.3d at 86. Thus, guided by the " 'familiar considerations of fair notice, reasonable reliance, and settled expectations,' " *id.* at 85 (quoting *Landgraf,* 511 U.S. at 270, 114 S.Ct. 1483), we concluded in *Domond* that the application of AEDPA § 440(d) to an alien who pleaded guilty after that section became effective is not impermissible, *see* 244 F.3d at 86–87.

In sum, the same considerations and principle that led us to reach a different decision in *Domond* than we had reached in *St. Cyr I* lead us to conclude that *Do-*

mond remains good law in the wake of the Supreme Court's decision in *St. Cyr II.* Given that *St. Cyr II,* like *Domond,* evaluated aliens' expectations in light of "the time of their plea under the law then in effect," 533 U.S. at 326, 121 S.Ct. 2271, we see no basis for concluding that *St. Cyr II* overruled *Domond.*

Indeed, this Court has repeatedly followed *Domond* in the wake of *St. Cyr II.* *See, e.g., Beharry v. Ashcroft,* 329 F.3d 51, 63 (2d Cir.2003) (noting that even if the petitioner had properly exhausted his administrative remedies, we would affirm the denial of his habeas petition on the basis of *Domond,* as "*Domond* remains good law"); *Mohammed,* 309 F.3d at 102–03.

In *Mohammed,* we expressly explored "the continued validity, in light of ... *St. Cyr [II],* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347, ... of our decision in *Domond.*" *Mohammed,* 309 F.3d at 97. We observed that *Domond* had

> explicitly noted the Supreme Court's instruction in *Landgraf* that "'reasonable reliance'" and "'settled expectations'" provide "guidance in determining retroactive effect," *Domond,* 244 F.3d at 85 (quoting *Landgraf,* 511 U.S. at 270, 114 S.Ct. 1483, 128 L.Ed.2d 229), and concluded, as we had previously observed in *St. Cyr [I],* 229 F.3d 406 (2d Cir.2000), *aff'd,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), that "'[i]t would border on the absurd'" to suppose that an alien might have been deterred from committing a crime had he known that, in addition to the prospect of imprisonment and deportation following release, he could not ask for discretionary relief from deportation. *Domond,* 244 F.3d at 84 (quoting *St. Cyr [I],* 229 F.3d at 418).

*Mohammed,* 309 F.3d at 102. We noted that the Supreme Court in *St. Cyr II* simply affirmed our ruling in *St. Cyr I* that aliens who pleaded guilty prior to the effective date of AEDPA had reasonable expectations with respect to continued eligibility for discretionary § 212(c) relief, and that the *St. Cyr II* Court had not disturbed *Domond's* holding that those were expectations that could not reasonably be shared by aliens who pleaded guilty after AEDPA became effective. *See Mohammed,* 309 F.3d at 102–03.

Accordingly, in *Mohammed,* we lifted a stay of removal that had been granted on the premise that the elimination of § 212(c) discretionary relief for aggravated felons had an impermissibly retroactive effect on an alien whose plea of guilty to an aggravated felony was entered after the effective date of AEDPA, because we concluded that, in light of the continued vitality of *Domond,* Mohammed had no substantial likelihood of success on appeal.

In the course of our discussion, we stated that "at least for purposes of considering the pending motion to lift the stay, ... *Domond* remains binding authority in this Circuit," *Mohammed,* 309 F.3d at 103; and Khan contends that the words "at least for purposes of considering the pending motion to lift the stay" indicate that the *Mohammed* panel "did not intend for other courts to be bound by its decision" (Khan brief on appeal at 13). We reject the contention that the *Mohammed* panel's view of *Domond* was somehow intended to be less than precedential. The question of *Domond's* continued validity was essential to an evaluation of Mohammed's entitlement to a stay. We considered "the gravity of the injury to the alien if a stay is denied," 309 F.3d at 102, and we ruled that in order to retain his stay, Mohammed need not show more than a 50 percent chance of success on appeal, *see id.* We concluded that he simply could not meet that standard in light of *Domond.* The reasoning in *Mohammed,* which reaffirmed the result and rationale of *Domond* in

refusing to lift the stay of removal, is equally applicable in the instant case, where the challenge to a finding of ineligibility for § 212(c) relief is made in a petition for habeas corpus. Indeed, *Mohammed* has been relied on by this Court in addressing the merits of petitions for habeas corpus. *See, e.g., Rankine v. Reno,* 319 F.3d 93, 100–01 (2d Cir.) (noting that the impermissible retroactive effect of § 440(d) identified by the Supreme Court in *St. Cyr II* stemmed from "'the alien's reliance on the prior availability of discretionary relief in deciding whether to plead guilty'" (quoting *Mohammed,* 309 F.3d at 103)), *cert. denied,* —— U.S. ——, 124 S.Ct. 287, 157 L.Ed.2d 199 (2003).

Finally, we note that in a number of appeals in which the appellants have made a retroactivity argument similar to Khan's, this Court has rejected the argument summarily on the basis of *Domond. See, e.g., Carr v. Reno,* No. 01–2270, 2002 WL 24144, 24 Fed.Appx. 99 (2d Cir. Jan.4, 2002) (affirming denial of habeas, citing *Domond*), *reh'g denied* (2d Cir. Aug. 27, 2003); *Hibbert v. Ashcroft,* No. 02–2281, 2003 WL 21466746 67 Fed.Appx. 657 (2d Cir. June 20, 2003) (same). Although these summary affirmances are not themselves precedential authority, *see* Rules of the United States Court of Appeals for the Second Circuit, § 0.23, they clearly acknowledge the continued precedential effect of *Domond.*

In sum, our decision in *Domond* remains good law. AEDPA § 440(d) is not impermissibly retroactive as applied to aliens such as Khan who pleaded guilty following AEDPA's effective date, even if the criminal conduct underlying their convictions took place before AEDPA's effective date.

We have considered all of Khan's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.