Robinson Salvador CHALAS–
ZAPATA, Petitioner,

v.

U.S. Attorney General John ASH-
CROFT, the Immigration and Natu-
ralization Service, the Commissioner
of the Immigration and Naturaliza-
tion Service, and the INS District Di-
rector for Fishkill, New York, Defen-
dants.

No. 03 Civ. 9327(SHS).

United States District Court,
S.D. New York.

Feb. 25, 2004.

## OPINION AND ORDER

STEIN, District Judge.

Salvador Chalas–Zapata brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the validity of his detention by the Bureau of Immigration and Customs Enforcement ("ICE") without bail or bond as well as the validity of the determination of the Board of Immigration Appeals ("BIA") denying him a cancellation of removal pursuant to the Immigration and Nationality Act of 1952 ("INA") section 240A(a). For the reasons set forth below, Chalas–Zapata's petition for a writ of habeas corpus is denied.

## I. Background

Chalas–Zapata, a citizen of the Dominican Republic, entered the United States in December 1972, at the age of twelve, and became a lawful permanent resident. (Petition, ¶ 1, 2; Return, ¶ 2). He has resided in New York State for more than thirty years. (*Id.* ¶ 2). Petitioner has extensive family in New York, including a wife and two children. (Aff. Gonzalez in Supp. Writ of Habeas Corpus, ¶ 2). In January of 1996, Chalas–Zapata was arrested and in 1998 he was convicted of criminal possession of a weapon in the third degree, in violation of N.Y. Penal Law § 265.02 and criminal possession of a controlled substance in the second degree, in violation of N.Y. Penal Law § 220.16. (Petition, ¶ 3). He was sentenced to seven years to life in state prison. (Return, ¶ 4).

Based on that conviction, the Immigration and Naturalization Service ("INS") issued to Chalas–Zapata a notice to appear in 1998 on a charge that he was deportable based on his criminal convictions, in accordance with INA §§ 237(a)(2)(B)(i) and 237(a)(2)(C). (Decl. James, Exh. B). A removal hearing was conducted in 1999. (Petition, ¶ 3, 5). At that removal hearing, Chalas–Zapata did not contest that he was deportable based on the 1998 conviction and requested a discretionary cancellation of removal pursuant to the INA § 240A(a), codified at 8 U.S.C. § 1229b. The Immigration Judge ("IJ") found petitioner to be eligible for that statutory relief, but determined that Chalas–Zapata did not merit a favorable exercise of discretion. (Petition, ¶ 5, 6; Decl. James, Exh. D, p. 3). The Immigration Judge issued a seventeen page decision in which he found that the serious nature of Chalas–Zapata's crimes required him to show "unusual and outstanding equities" before he would exercise his discretion to grant petitioner a cancellation of removal. (Decl. James, Exh. D, p. 11). The Immigration Judge based his balancing of the equities on two prior BIA decisions, *Matter of Marin*, 16 I & N Dec. 581, 1978 WL 36472 (1978) and *Matter of Buscemi*, 19 I & N Dec. 628, 1988 WL 235453 (1988). (Decl. James, Exh. D. p. 3).

The Immigration Judge specifically found that Chalas–Zapata was "convicted of a very serious felony involving the possession of a huge amount of cocaine, in excess of 13 pounds" (Return, ¶ 9, Decl. James, Exh. D, p. 12) and held that Chalas–Zapata "has not met his burden of proof, and that the negative factors outweigh the positive factors in this case." (Return, ¶ 11, Decl. James, Exh. D, p. 16). The Immigration Judge ordered petitioner's removal to the Dominican Republic.

Petitioner challenged that decision in an appeal to the BIA based on the grounds that the Immigration Judge applied an incorrect legal standard when he required Chalas–Zapata to show "outstanding equities" favoring a cancellation of removal. (Decl. James, Exh. E). Petitioner argued at the BIA that he should be required to show only that the positive aspects of his case outweighed the negative. In affirming the Immigration Judge's decision not to grant cancellation of removal, (Petition, ¶ 6, Decl. James, Exh. E), the BIA wrote that "[t]he Immigration Judge properly found that the negative factors outweigh the positive factors...." (Return, ¶ 14, Decl. James, Exh. E). Thus, Chalas–Zapata is currently subject to a final order of deportation.

Chalas–Zapata has now completed his state prison sentence. In November of 2003 Chalas–Zapata filed a petition for a writ of habeas corpus; that writ was dismissed without prejudice for lack of federal jurisdiction because he was not in federal custody at the time he filed the petition. (See Order dated November 24, 2003, 03 Civ. 9051(SHS)). Petitioner was then transferred to the custody of ICE of the United States Department of Homeland Security. Chalas–Zapata, now in federal custody, states that he is scheduled to be deported "immediately." (Petition, ¶ 10). This Court has stayed the government

from deporting Chalas–Zapata until the resolution of this petition for habeas corpus. (See Order dated November 24, 2003, 03 Civ. 9327(SHS)).

## II. Discussion

### A. *Jurisdiction and Scope of Review*

Federal courts have jurisdiction pursuant to 28 U.S.C. § 2241 to issue writs of habeas corpus to review final orders of removal. *See INS v. St. Cyr,* 533 U.S. 289, 300, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *Wang v. Ashcroft,* 320 F.3d 130, 140 (2d Cir.2003). While the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 440(d), 110 Stat. 1277 and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 110 Stat. 3009–546 (Sept. 30, 1996), limit that review, courts are entitled to review and remedy "errors of law, including the erroneous application or interpretation of statutes." *Wang v. Ashcroft,* 320 F.3d 130 at 143 (quoting *INS v. St. Cyr,* 533 U.S. at 301, 121 S.Ct. 2271). Thus, this Court has subject matter jurisdiction to entertain this writ of habeas corpus and to review legal determinations, including the application and interpretation of statutes, made in the immigration proceedings. However, the Court has no authority to "review [ ] factual or discretionary determinations" by the IJ and the BIA. *Sol v. INS,* 274 F.3d 648, 651 (2d Cir.2001). Indeed, in *Sol,* the Second Circuit held explicitly that "federal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations by the IJ and the BIA." *Id.*

Respondents also argue that this Court lacks subject matter jurisdiction because the Court cannot review a final order of deportation unless the "alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). However, Chalas–Zapata

exhausted his administrative remedies on the order of removal because he has obtained a determination of the BIA. *Cf. St. Cyr v. INS*, 229 F.3d 406, 410 (2d Cir.2000) *aff'd I.N.S. v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

### B. *Edward J. McElroy Is Substituted for Respondents*

Respondents request that the Court dismiss all the respondents as improper parties and substitute the Director of the New York City Field Office for ICE Detention and Removals, Edward J. McElroy, in their place because 1) Mr. McElroy is the person with "direct control over the petitioner's detention," and 2) the proper respondent for an immigration-related petition for a writ of habeas corpus is the INS district director, not the Attorney General. Because Chalas–Zapata has raised no objection to this substitution, Edmund J. McElroy will be substituted for respondents in this action.

### C. *Petitioner Does Not Have A Constitutional Right to a Bond Hearing Because His Removal Is Imminent*

After serving his prison sentence, petitioner was transferred to federal custody and is currently being held for deportation without a bail or bond hearing. Petitioner contends that this detention without a hearing, although pursuant to INA § 236(c), codified at 8 U.S.C. § 1226(c), is an unconstitutional deprivation of due process.[1]

 Lawful permanent residents are entitled to due process under the Fifth Amendment to the U.S. Constitution. *Landon v. Plasencia*, 459 U.S. 21, 32–33,

103 S.Ct. 321, 74 L.Ed.2d 21 (1982). Petitioner contends that section 236(c) amounts to an irrebuttable presumption that criminal aliens scheduled for deportation are dangerous and present a risk of flight. Some courts have found the presumption in section 236(c) to violate due process when it is made without any individualized consideration or when aliens are detained indefinitely. *See Ngo v. INS*, 192 F.3d 390, 398–99 (3d Cir.1999). Petitioner's analysis of section 236(c) is irrelevant to his circumstances, however, because he is subject to a final order of removal, and is being properly detained pending removal, pursuant to section 241.

 The law dictates that petitioner must be detained pursuant to INA section 241(a)(2) because he is removable pursuant to INA sections 237(a)(2)(B)(i), and 237(a)(2)(C), codified at 8 U.S.C. §§ 1227(a)(2)(B)(i) and 1227(a)(2)(C). Section 241(a)(2) provides, in relevant part as follows: "During the removal period, the Attorney General shall detain the alien. Under no circumstances during the removal period shall the Attorney General release an alien who has been found ... deportable under section 1227(a)(2)." Moreover, detention pursuant to section 241 is constitutional, even without a bond hearing, as long as that removal is reasonably foreseeable. *Zadvydas v. Davis*, 533 U.S. 678, 699–700, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); *Wang v. Ashcroft*, 320 F.3d at 146. Thus, to the extent Chalas–Zapatas is detained pursuant to section 241, there is no due process violation because his removal is imminent.

 The government asserts that Chalas–Zapata is being detained pursuant to

---

**1.** That statute provides detained criminal aliens shall be released from custody "only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protec-

tion to a witness ... and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding."

section 241, while petitioner appears to assert that he is actually being detained pursuant to INA § 236(c). Section 241 will govern Chalas–Zapata's detention if he is subject to a final order of removal, while section 236(c) governs detention of aliens whose removability is being reviewed. The determination of whether petitioner is subject to a final order of removal is governed by INA § 241(a)(1), which provides: "if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien . . ." then the removal period is to begin on "the date of the court's final order." In *Wang v. Ashcroft*, the petitioner, just as Chalas–Zapata, asserted that his detention was pursuant to section 236(c), not section 241, because the pursuit of the habeas review stays the finality of the order of removal. 320 F.3d at 147. The *Wang* court, without resolving the issue, held that even if the petitioner were correct and the detention were governed by section 236(c) during the period of a habeas appeal, the petitioner's detention would be governed by section 241 again at the moment the court issued its decision. *Id.* The *Wang* court denied the petitioner's other grounds for relief, and his removal became imminent at that moment. *Id.* Therefore, any challenge he raised to his detention based on section 236(c) became moot. *Id.* Similarly, this Court has stayed petitioner's removal only until determination of this petition and has found the underlying removal order to be valid, as set forth below. From the time this opinion is issued, his detention is governed by section 241 and any challenge to detention under section 236(c) is rendered moot. The detention without bail or bond does not violate due process unless the removal is not "reasonably foreseeable." *Id.*

### D. There Is No Unconstitutional Retroactive Application of Section 240A

Petitioner also contends that the Immigration Judge improperly considered his petition for discretionary relief pursuant to section 240A of the INA, codified at 8 U.S.C. 1229b.[2] He argues that because that statute became effective in April of 1997, it is a violation of his constitutional rights to apply it to conduct that took place in 1996. Petitioner believes that his application for discretionary relief should be governed by the statutory predecessor to section 240A; namely, section 212(c). Petitioner asserts that the retroactive application of these laws is contrary to congressional intent, and that the application of AEDPA and IIRIRA retroactively is illogical because the retroactivity only bars section 212(c) relief for individuals in removal proceedings, while those in exclusion proceedings are eligible for section 212(c) relief. Petitioner's contention is directly contrary to well-settled law on this point, and the Immigration Judge did not violate Chalas–Zapatas' due process rights when applying section 240A to his request for cancellation of removal.

As a preliminary matter, Chalas–Zapata has not shown that he sought relief pursuant to section 212(c). In fact, he applied to the Immigration Judge, and the BIA, for relief pursuant to 240A(a). (James Aff., Exh. C). Moreover, petitioner has not demonstrated that the application of section 212(c) instead of 240A(a) would in any way alter the judge's final determination. The amendments to section 212(c) contained in the IIRIRA primarily pertained to the eligibility of certain aliens for discretionary relief. Thus, because Chalas–

---

**2.** A removable alien is eligible for discretionary cancellation of removal if he: "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted to any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)

Zapata is eligible for relief, this is a distinction without a difference.

Chalas–Zapata's challenges to the retroactive application of INA section 240A, instead of section 212(c), have already been presented to and rejected. by the United States Supreme Court. *See INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Section 212(c) of the INA (previously codified at 8 U.S.C. § 1182(c)(1994)) was repealed by section 304(b) of IIRIRA. Section 212(c) had provided that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General. . . ." This statute was interpreted by both the courts and the BIA to authorize the Attorney General to grant discretionary relief from deportation. *See INS v. St. Cyr*, 533 U.S. at 295–96, 121 S.Ct. 2271 (2001). The IIRIRA, now section 240A, modified section 212(c) by limiting the circumstances under which that relief is available.

*St. Cyr v. INS*, 229 F.3d 406, 418 (2d Cir.2000), *aff'd sub nom., INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), held that it "would border on the absurd" to argue that aliens would have altered their conduct in committing crimes based on which provision would govern their entitlement to discretionary relief, and that consequently, congressional repeal of section 212(c) did not amount to a due process violation. *See also Rankine v. Reno*, 319 F.3d 93, 100 (2d Cir.2003). Moreover, Chalas–Zapatas pled guilty to his crimes in 1998, and the date of the guilty plea is the date that determines which provision governs the alien's entitlement to apply for discretionary relief. *See INS v. St. Cyr*, 533 U.S. at 301, 121 S.Ct.

2271 (2001); *Khan v. Ashcroft*, 352 F.3d 521, 524–25 (2d Cir.2003). Therefore, petitioner is not entitled to apply for relief under 212(c). IIRIRA's effective date was in April 1997, and therefore before the date of petitioner's guilty plea. Thus, IIRIRA governs the petitioner's entitlement to discretionary relief.

Petitioner claims that the government has filed a petition for certiorari with the Supreme Court on the constitutionality of AEDPA's retroactive application and that this Court should stay this action pending the Supreme Court decision. The Supreme Court has already determined that it is constitutional to apply IIRIRA to conduct taking place before that act's 1997 effective date when the guilty plea was entered after that effective date. *See INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Therefore, there is no need to stay this action pending another Supreme Court decision on an issue that has already been resolved.

E. *The Immigration Judge and the BIA Properly Applied Section 240A(a): Petitioner Is Subject to a Valid Order of Removal*

Chalas–Zapata's. petition challenges the BIA's determination that the Immigration Judge correctly applied the statutory standards in refusing to cancel Chalas–Zapata's removal. Petitioner and respondent agree that Chalas–Zapata qualified to petition the Immigration Judge for discretionary relief from removal pursuant to INA section 240A(a), which governs petitions for cancellation of removal by legal permanent residents. Pursuant to petitioner's reading of that statute, in order to show his entitlement to a cancellation of removal, he need only show that a balance of the equities favors allowing him to remain in this country. The Immigration Judge's decision is governed, both sides agree, by

*Matter of Marin,* 16 I. & N. Dec. 581, 584, 1978 WL 36472 (BIA 1978), which requires the judge to balance "the adverse factors evidencing an alien's undesireability as a permanent resident with the social and humane considerations presented in his behalf." *Id.* Petitioner asserts that the Immigration Judge wrongfully applied a higher standard—the standard set forth in INA section 240A(b)—which applies only to non-permanent residents. Section 240A(b) requires the alien requesting a cancellation of removal to show that "removal would result in exceptional and extremely unusual hardship to the aliens' spouse, parent, or child, who is a citizen of the Untied States or an alien lawfully admitted for permanent residence."

Petitioner's claim on this point fails. The Immigration Judge found Chalas–Zapata to be a lawful permanent resident, and applied the relevant laws in doing so. Indeed, the judge found that "respondent has shown outstanding and unusual equities" but then noted that "the possession of outstanding equities alone does not compel a finding that relief is warranted." (Aff. James, Exh. D, p. 14). The ultimate decision of the judge was based on his finding that, after weighing the favorable and unfavorable aspects of Chalas–Zapata's case, no discretionary relief should be granted. (*Id.*).

Petitioner also challenges the manner in which the Immigration Judge performed the balancing test and the factors he considered. Specifically, he claims that the judge improperly applied *Matter of Marin* in that he did not credit the importance of petitioner's family ties in New York, did not credit the fact that petitioner worked and paid taxes subsequent to his arrest, and questioned whether he worked "under the table" prior to the arrest. Petitioner also disputes the judge's finding that petitioner was a "major player in the drug trafficking trade" as contradictory to the judge's finding that petitioner's brother-in-law initiated Chalas–Zapata's involvement in drug trading. Finally, Chalas–Zapata argues that the judge was not entitled to consider petitioner's lack of cooperation with the police as a negative factor because it is not listed as a factor for consideration listed in *Matter of Marin.* Chalas–Zapata asserts that if the Immigration Judge had correctly applied *Matter of Marin,* the judge would have cancelled petitioner's removal instead of wrongly requiring Chalas–Zapata to demonstrate "extreme or unusual equities."

█ The majority of these challenges are on factual issues, and cannot be properly raised in this habeas petition. *See Wang v. Ashcroft,* 320 F.3d at 143. Chalas–Zapata's assertion that the Immigration Judge wrongfully applied a more stringent test required by 240A(b) for non-permanent residents does not appear to have any firm factual basis. The judge stated that he was requiring a showing of "unusual equities" because of the serious nature of the crime committed by Chalas–Zapata. He was exercising discretion in evaluating the request for cancellation: he gave heavy weight to petitioner's crime as an "adverse factor[ ] evidencing" Chalas–Zapata's "undesirability as a permanent resident" and therefore required a greater showing of positive "social and humane considerations presented on his behalf" before he would cancel petitioner's removal. *Matter of Marin,* 16 I. & N. Dec. at 584. This Court is prohibited from reviewing this sort of discretionary factual determination by the Immigration Judge. *Wang v. Ashcroft,* 320 F.3d 130 at 143 (quoting *INS v. St. Cyr,* 533 U.S. at 301, 121 S.Ct. 2271).

### III. Conclusion

Chalas–Zapata has not shown that his order of removal results from any legal

errors or constitutional violations, nor has he shown a due process violation in his present detention without bail or bond pending his immediate deportation. For these reasons, Chalas–Zapata's petition for a writ of habeas corpus and for a stay of his removal is denied.