# United States Court of Appeals
# For the First Circuit

---

No. 05-2157

JUAN ALVARO SANTA CRUZ-BUCHELI,

Petitioner,

v.

ALBERTO R. GONZÁLES,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

---

Before

Torruella, Selya, and Dyk,[*]
Circuit Judges.

---

Rosanna M. De Castro, on brief for petitioner.
William C. Minick, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Peter D. Keisler, Assistant Attorney General, Civil Division, and James E. Grimes, Senior Litigation Counsel, on brief for respondent.

---

September 22, 2006

---

[*] Of the Federal Circuit, sitting by designation.

**Per Curiam**.  In this petition for review, Juan Alvaro Santa Cruz-Bucheli ("Santa Cruz") contests the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings.  We deny the petition for review and affirm the decision of the BIA.

## I.  Background

Santa Cruz is a native and citizen of Colombia who has been a permanent legal resident of the United States since 1965. Since his arrival in this country, he has been convicted of several offenses.  Most relevant to this petition is Santa Cruz's May 23, 1996 conviction in a Florida state court for attempted trafficking of a controlled substance (i.e., cocaine).

On July 25, 1996, Santa Cruz was placed in removal proceedings when the Immigration and Naturalization Service ("INS")[1] issued an Order to Show Cause charging him, inter alia, with being removable under § 241(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(2)(B)(i), as an alien convicted of a violation of any law relating to a controlled substance.

---

[1]  The functions of the INS have since been transferred to the Bureau of Immigration and Customs Enforcement, which is part of the Department of Homeland Security.  See Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205 (codified as amended at 6 U.S.C. § 291(a)).  For simplicity, we refer to the INS throughout this opinion.

In late August 1996, a hearing was held before an Immigration Judge ("IJ") to determine whether Santa Cruz should be removed. During this hearing, Santa Cruz requested a discretionary waiver of removal under former § 212(c) of the INA, 8 U.S.C. § 1182 (c) (repealed 1996).[2] The INS argued that because of Santa Cruz's controlled substance conviction and the restrictions promulgated under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), he was ineligible for a discretionary waiver of removal under § 212(c). The IJ agreed with the INS and ordered Santa Cruz's removal to Colombia.

Santa Cruz appealed the order to the BIA. On May 21, 1997, the BIA affirmed the decision of the IJ, finding Santa Cruz statutorily ineligible for a § 212(c) discretionary waiver because of his conviction for a controlled substance offense. The BIA issued a final order of removal.

However, on June 30, 1999, the Assistant District Director of the INS stayed the order of removal pending a

---

[2] Under former § 212(c), an alien could seek from the Attorney General a discretionary waiver of removal if the alien was "lawfully admitted for permanent residence [and] temporarily proceeded abroad voluntarily and not under an order of deportation, and who [was] returning to a lawful unrelinquished domicile of seven consecutive years." 8 U.S.C. § 1182(c) (repealed 1996). While this statute literally would not apply to Santa Cruz because he did not proceed abroad voluntarily, it has been judicially enlarged to apply to give "the Attorney General discretionary authority to waive deportation for aliens already within the United States who were deportable." Wallace v. Reno, 194 F.3d 279, 281 (1999).

-3-

determination that Santa Cruz, despite the decisions of the IJ and BIA, might nevertheless have qualified for a § 212(c) waiver of removal under In re Soriano, 21 I. & N. Dec. 516 (BIA 1996, A.G. 1997).[3] While this determination was pending, Santa Cruz was released from custody. After the BIA determined that Santa Cruz was in fact ineligible for § 212(c) relief under In re Soriano, he was arrested on May 5, 2005.

On May 17, 2005, Santa Cruz filed a motion to reopen with the BIA, asking the BIA to remand his case to an immigration judge for reconsideration of his eligibility for a § 212(c) waiver in light of the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001). On June 18, 2005, the BIA denied the motion. The BIA decided that the restrictions set forth in § 440(d) of AEDPA governed Santa Cruz's eligibility for a waiver under § 212(c) and that Santa Cruz was ineligible for a waiver under these restrictions.[4] Santa Cruz now appeals the BIA's decision.

---

[3] In In re Soriano, the BIA held that § 440(d) of AEDPA did not apply to § 212(c) requests pending as of April 24, 1996, when AEDPA became effective. Because Santa Cruz filed his application for a § 212(c) waiver after April 24, 1996, he did not qualify for In re Soriano relief.

[4] AEDPA had an effective date of April 24, 1996. On September 30, 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which eliminated § 212(c) relief entirely, effective April 1, 1997. See IIRIRA, Pub. L. No. 104-208, § 304(b), 110 Stat. 3009-546, 597 (1996). In Santa Cruz's case, the BIA explained that because Santa Cruz's controlled substance conviction occurred on May 23, 1996 -- after the effective date of AEDPA but before the effective date of IIRIRA -- his eligibility for a § 212(c) waiver was governed by § 212(c) as

## II. Discussion

### A. Standard of Review

We review the BIA's denial of a motion to reopen for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323 (1992); Falae v. Gonzáles, 411 F.3d 11, 14 (1st Cir. 2006). We find an abuse of discretion if the BIA has made an error of law or acted in a manner that is arbitrary or capricious. See Carter v. INS, 90 F.3d 14, 17 (1st Cir. 1996); see also Henry v. INS, 74 F.3d 1, 4 (1st Cir. 1996) (further explaining that we would find an abuse of discretion if the BIA considered improper factors, failed to consider a relevant factor, or assigned a factor improper weight in making a determination).

### B. The Motion to Reopen

Santa Cruz argues that the BIA erred in denying his motion to reopen because it improperly applied § 440(d) of AEDPA to bar him from seeking a waiver of removal under former § 212(c) of the INA.[5] Section 440(d) of AEDPA made an alien ineligible for a waiver of removal if he or she had committed inter alia, any offense covered in § 241(a)(2)(B)(i) of the INA, which includes "a

---

amended by AEDPA as it stood prior to the enactment of IIRIRA. The BIA found that under § 440(d) of AEDPA, § 212(c) relief is not available to aliens such as Santa Cruz who are removable by reason of having committed a controlled substance offense.

[5] In other words, Santa Cruz is arguing that because AEDPA did not apply, he would be eligible to seek a waiver of removal because he satisfies all of the requirements of former § 212(c).

violation of any law or regulation of a State, the United States, or a foreign country relating to a controlled substance." Santa Cruz contends that § 440(d) of AEDPA may not be applied to bar § 212(c) relief to an alien who engaged in criminal conduct prior to the effective date of AEDPA but who has been convicted by a guilty plea made after the effective date of AEDPA. Santa Cruz offers three cases in support of this argument.

First, Santa Cruz argues that the Supreme Court's holding in INS v. St. Cyr, 533 U.S. 289 (2001), bars the application of AEDPA to his request for a waiver of removal.[6] In St. Cyr, the Court held that IIRIRA could not be applied retroactively to bar § 212(c) relief to an alien who had entered into a plea bargain before the effective date of IIRIRA. Id. at 326. The Court noted that "preserving the possibility [of § 212(c) relief] would have been one of the principal benefits sought by defendants deciding whether to accept a plea bargain." Id. at 323. Because aliens may have relied on the availability of § 212(c) relief when entering into plea bargains, the Court held that "§ 212(c) relief remains available for aliens [who] . . . would have been eligible for § 212(c) relief at the time of their plea." Id. at 326 (emphasis added). When Santa Cruz entered into his plea agreement on May 23,

_____

[6] Although St. Cyr dealt with the retroactive application of IIRIRA, we have recognized that its logic is equally applicable to similarly configured cases where AEDPA would bar a waiver of removal under § 212(c). See Leitao v. Reno, 311 F.3d 453, 455 n.3 (1st Cir. 2002).

-6-

1996[7] he was no longer eligible for § 212(c) relief because AEDPA had already been effective for one month. Santa Cruz's position was rejected in our decision in Lawrence v. Gonzáles, 446 F.3d 221, 225 (1st Cir. 2006), in which we held that the proper date to be used in determining the applicability of § 440(d) of AEDPA is the date of conviction. We specifically stated that "the date of criminal conduct is irrelevant." Id.; see also Khan v. Ashcroft, 352 F.3d 521, 525 (2d Cir. 2001) ("§ 440(d) is not impermissibly retroactive as applied to aliens . . . who pleaded guilty following AEDPA's effective date, even if the criminal conduct underlying their convictions took place before AEDPA's date"). Unlike in St. Cyr, Santa Cruz could not have reasonably relied on the possibility of § 212(c) relief when he decided to enter into the plea bargain. As we explained in Lawrence v. Gonzáles, 446 F.3d 221, 225 (1st Cir. 2006), Santa Cruz "had no basis for assuming (as part of his plea or otherwise) that section 212(c) relief would be potentially available as part of the quid pro quo for the plea." Furthermore, the reasoning in St. Cyr would not extend to Santa Cruz's conduct because it is unlikely that Santa Cruz was relying on the

_____

[7] Santa Cruz also alleges that he was unable to enter into a plea bargain prior to April 24, 1996, the effective date of AEDPA, because he was in detention in Puerto Rico, rather than in Florida (where he had been charged). See Pet. Br. at 8. However, Santa Cruz provides no explanation as to what prevented him from making the plea bargain while situated in Puerto Rico, and his own submissions seem to suggest that he was ordered transferred to Florida on April 17, 1996, a full week before the effective date of AEDPA. Accordingly, we decline to address this argument.

possibility of a waiver of removal when he decided to commit his crime in 1986.  See, e.g., Magana-Pizano v. INS, 200 F.3d 603, 612 (9th Cir. 1999) ("It is difficult to argue, for example, that a convict would have refrained from committing the criminal act if he had just known of the potential for future deportation consequences.").  Accordingly, St. Cyr provides no support for Santa Cruz's contention that § 440(d) of AEDPA should not apply to his application for § 212(c) relief.

Second, Santa Cruz suggests that our decision in Goncalves v. Reno, 144 F.3d 110 (1st Cir. 1998), supports his contention that § 440(d) of AEDPA does not apply to his application for a § 212(c) waiver.  In Goncalves, we held that § 440(d) of AEDPA would not apply to an application for § 212(c) relief filed prior to the effective date of AEDPA.  Id. at 133.  We noted that neither the text nor the legislative history of AEDPA suggested that Congress had meant § 440(d) to apply to applications for § 212(c) relief already pending on the effective date.  Id. at 128-33.  However, unlike in Goncalves, where the application for a § 212(c) waiver was made before AEDPA became effective, Santa Cruz made his application for a § 212(c) waiver after AEDPA became effective and barred him from relief.[8]  Because § 440(d) of AEDPA

---

[8]  Contrary to his claim, Santa Cruz never had an "expectancy" to apply for a § 212(c) waiver.  Prior to his conviction, Santa Cruz had no expectation of a § 212(c) waiver because he was not subject to removal and thus was ineligible (and had no need) to apply for a waiver.  After Santa Cruz's conviction for controlled substances

had already made Santa Cruz ineligible for a § 212(c) waiver before he submitted his application, Goncalves fails to lend support to Santa Cruz's position.

Third, Santa Cruz contends that the holding in Henderson v. INS, 157 F.3d 106 (2d Cir. 1998), provides support for his argument that § 440(d) of AEDPA does not apply to his application for § 212(c) relief. In Henderson, the Second Circuit held that § 440(d) did not apply to an alien seeking § 212(c) relief whose removal proceeding had commenced prior to the effective date of AEDPA. Id. at 130. As in Goncalves, the Second Circuit noted that there was no evidence of congressional intent to make § 440(d) applicable to pending immigration proceedings. However, unlike in Henderson, where removal proceedings began before AEDPA became effective, removal proceedings against Santa Cruz did not commence until July 25, 1996, more than three months after the effective date of AEDPA. Because AEDPA became effective before Santa Cruz was subject to removal proceedings, Henderson also fails to support his position.

Accordingly, we conclude that § 440(d) of AEDPA does apply to Santa Cruz's application for a waiver of removal under former § 212(c) of the INA. Santa Cruz does not contest the fact that he was convicted by a Florida court of attempted trafficking

---

trafficking made him subject to removal, he could have no expectation of a waiver because by that time, § 440(d) of AEDPA made him ineligible to seek a § 212(c) waiver.

-9-

of a controlled substance.  Under § 440(d) of AEDPA, an alien convicted of any offense relating to a controlled substance is no longer eligible for a waiver of removal under § 212(c).  Thus, because Santa Cruz was ineligible for a § 212(c) waiver, the BIA's decision to deny his motion to reopen was neither arbitrary nor capricious, nor did it make an error of law.

### III.  <u>Conclusion</u>

For the reasons stated above, we **deny** the petition for review and **affirm** the decision of the BIA.