

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2006

# Brown v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2053

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Brown v. Atty Gen USA" (2006). *2006 Decisions.* Paper 226.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/226

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2053
_____

DALTON MICHAEL BROWN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES; THOMAS DECKER, Acting
District Director of Immigration and Customs Enforcement; SECRETARY OF
DEPARTMENT OF HOMELAND SECURITY
_____
No. 05-2774

DALTON MICHAEL BROWN,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A41 645 077)
Immigration Judge: Grace A. Sease
Petition at No. 05-2774 transferred under Real ID Act initially docketed in
lower Court MDPA No. 05-cv-00673
_____

Submitted Under Third Circuit LAR 34.1(a)
November 3, 2006

BEFORE: SLOVITER, McKEE and AMBRO, <u>CIRCUIT JUDGES</u>

(Filed:   November 8, 2006)
_____

OPINION

_____

PER CURIAM

In the two proceedings before us, Dalton Michael Brown seeks review of a final

order of the Board of Immigration Appeals (BIA). We will deny the petitions for review.

I.

Brown, a citizen of Jamaica, entered the United States in 1987 as a lawful

permanent resident. In 2002, he was convicted in a New York state court of the criminal

sale of cocaine in the fifth degree.[1] A.R. 133-35. He was sentenced to two to four years

in prison. Two years later, the Government charged him with removability, alleging that

the state drug conviction constituted both (i) an aggravated felony, see INA

§ 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], and (ii) a controlled substance offense,

see INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)]. The immigration judge (IJ)

found Brown removable on both bases. See A.R. 47-78. Brown, who represented

himself during the removal proceedings, sought cancellation of removal under INA

§ 240A [8 U.S.C. § 1229b] or relief under former INA § 212(c) [8 U.S.C. § 1182(c)].

See, e.g., A.R. 62. The IJ concluded, however, that Brown was eligible for neither kind

of relief. A single member of the BIA affirmed. A.R. 2. Continuing to act *pro se*, Brown

_____

[1] Brown was also convicted on a charge of attempted assault. Although he argues in
his brief in C.A. No. 05-2774 that attempted assault is not a deportable offense, he was
not charged with removability on the basis of that conviction. See A.R. 148. Only the
drug conviction is an issue in this case.

2

timely[2] petitioned us for review, and the proceeding was docketed by the Clerk at C.A. No. 05-2053.

At about the same time, Brown filed a habeas petition in the United States District Court for the Middle District of Pennsylvania. In the petition, he argued that Congress's repeal of INA § 212(c) was impermissibly retroactive as to him because he committed his offense in 1994, when § 212(c) relief was still available. See Habeas Petition, 3-15. Shortly after Brown filed the petition, Congress enacted the Real ID Act of 2005, which required the transfer of a habeas petition like Brown's to this court for treatment as a petition for review. See Real ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(c), 119 Stat. 231 (May 11, 2005); Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005). On the District Court's transfer, the Clerk docketed Brown's new proceeding (i.e., his second petition for review) at C.A. No. 05-2774.

In Brown's first appeal, C.A. No. 05-2053, the Government—represented by the Justice Department's Office of Immigration Litigation—has filed, in lieu of a brief, a motion for summary affirmance and to dismiss. In C.A. No. 05-2774, the Government—represented by the United States Attorney's Office for the Middle District of Pennsylvania—has filed a brief. Brown has filed a brief in each case.

---

[2] Because Brown was detained by the Department of Homeland Security when he mailed his petition for review, we deem it filed on March 27, 2005, the date he turned it over to prison officials for mailing (and not on April 4, 2005, when it was received by the Clerk). Cf. Houston v. Lack, 487 U.S. 266, 276 (1988). Even if Brown's petition for review had been untimely, we would have jurisdiction over his claims in C.A. No. 05-2774.

3

II.

Brown's proceedings in this court both present the same questions—primarily whether the IJ and BIA rightly concluded that he was ineligible for relief under former INA § 212(c). Accordingly, we resolve the two petitions in this single opinion. We have jurisdiction pursuant to INA § 242(a)(1) [8 U.S.C. § 1252(a)(1)]. Our review extends to "constitutional claims or questions of law" raised in petitions for review filed by aggravated felons. INA § 242(a)(2)(D). We exercise plenary review over the purely legal questions at issue in Brown's case. See Tran v. Gonzales, 414 F.3d 464, 467 (3d Cir. 2005) (holding that whether a state offense qualifies as an aggravated felon is a pure question of law); Garcia v. Atty. Gen'l, ___ F.3d ___, 2006 WL 2529471, at *2 (3d Cir. Sept. 5, 2006) (noting the standard of review for constitutional claims).

It appears that Brown has never contested that his New York state conviction for the criminal sale of cocaine in the fifth degree, see N.Y. PENAL LAW § 220.31, constitutes an aggravated felony. Accordingly, the issue is not properly before us. See Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003) (on the consequences of an alien's failure to exhaust an argument).[3] Apparently accepting that he is an aggravated felon, Brown

---

[3] In any event, even if the issue were fairly pressed in some of Brown's pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we would conclude that the offense is "illicit trafficking in a controlled substance," made an aggravated felony by INA § 101(a)(43)(B) [8 U.S.C. § 1101(a)(43)(B)]. A state drug conviction may be found an aggravated felony under either of two routes. Under one of those routes, known as the "hypothetical felony route," an offense is an aggravated felony when "regardless of categorization [by the state], [it] would be punishable as a felony under an analogous federal statute." Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003); Gerbier v. Holmes, 280 F.3d 297, 313-15 (3d

4

argues that he should be available for relief under former INA § 212(c). See, e.g., Informal Brief, C.A. No. 05-2053, 6 ¶ 8. However, in April 1996, in § 440(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress narrowed the class of aliens who could obtain § 212(c) relief. Aggravated felons and those convicted of certain drug crimes were made ineligible. See Perez v. Elwood, 294 F.3d 552, 557 (3d Cir. 2002). Thereafter, in § 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Congress altogether repealed the § 212(c) waiver; that repeal became effective on April 1, 1997. See id. These repeals directly affect Brown, whose conviction occurred in 2002.

In INS v. St. Cyr, 533 U.S. 289 (2001), the Supreme Court held that AEDPA's repeal of § 212(c) was unconstitutionally retroactive as to persons who pleaded guilty prior to the amendment of § 212(c). We have since extended St. Cyr to persons who declined a plea agreement and proceeded to trial at a time when they might reasonably have relied on the availability of a § 212(c) waiver. Ponnapula v. Ashcroft, 373 F.3d 480, 494 (3d Cir. 2004). Brown contends that these cases, and others, mean that § 212(c) relief must be available to him because he committed his criminal conduct *prior to* the 1996 and 1997 limitations on § 212(c) relief. See A.R. 15-19. In his view, the fact that

---

Cir. 2002). The state statute Brown violated criminalizes the conduct of "knowingly and unlawfully sell[ing] a controlled substance." N.Y. PENAL LAW § 220.31. The analogous federal offense is a felony, distribution of a controlled substance. Wilson, 350 F.3d at 381; see also 21 U.S.C. §§ 841(a), (b). Under the "hypothetical felony approach," Brown is an aggravated felon.

he was not convicted until 2002 should be irrelevant. A.R. 15 (arguing that the "relevant 'event' for purposes of evaluating the retroactive effect [of AEDPA and IIRIRA]" is his "commission of the criminal offense" prior to AEDPA).

Brown is mistaken. In both St. Cyr and Ponnapula, the relevant date was the date of conviction, not the date of the criminal conduct. See also Santa Cruz-Bucheli v. Gonzales, ___ F.3d ___, 2006 WL 2709455, at *2 (1st Cir. Sept. 22, 2006) (reaching the same conclusion); Domond v. INS, 244 F.3d 81, 86 (2d Cir. 2001) (same). Moreover, in Ponnapula, we specifically rejected any argument that an alien might reasonably have committed criminal conduct *in reliance on* the existence of § 212(c) relief. "'[I]t would border on the absurd' to argue that an alien would refrain from committing crimes . . . if he knew that after he had been imprisoned and deported, a discretionary waiver of deportation would no longer be available to him." Ponnapula, 373 F.3d at 496 n.14 (quoting LaGuerre v. Reno, 164 F.3d 1035, 1041 (7th Cir. 1998)). Accordingly, Brown's argument cannot succeed. Because his conviction occurred long after the repeal of § 212(c), the repeal was not retroactively impermissible as to him.

After the repeal of § 212(c), Congress replaced it with a form of relief known as cancellation of removal. See INA § 240A. Unfortunately for Brown, and as the IJ correctly explained to him, see A.R. 62, this form of relief is wholly unavailable to aggravated felons. § 240A(a)(3).[4]

---

[4] Before the BIA, Brown argued that he was entitled to relief under the International Covenant on Civil and Political Rights (ICCPR) and/or the Convention on the Rights of

III.

For the foregoing reasons, we will deny Brown's petitions for review in C.A. No. 05-2053 and C.A. No. 05-2774.  Respondent's motion in C.A. No. 05-2774 for summary affirmance and to dismiss is GRANTED to the extent that it seeks denial of Brown's petition.

---

the Child.  A.R. 23-25.  He does not press these arguments in this court, and we need not address them.  See, e.g., United States v. Garth, 188 F.3d 99, 105 n.7 (3d Cir. 1999) (on the consequences of a *pro se* litigant's failure to raise an issue in his briefs).  We note, in any event, that neither the non-self-executing ICCPR nor the unratified Convention could possibly provide Brown with any relief.  See Guaylupo-Moya v. Gonzales, 423 F.3d 121, 136-37 (2d Cir. 2005) (ICCPR); Martinez-Lopez, 454 F.3d 500, 502 (5th Cir. 2006) (Convention).