# United States Court of Appeals
## For the First Circuit

No. 05-2800

JAMELEDDIN ALSAMHOURI,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General of the United States,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Boudin, <u>Chief Judge</u>,
and Lynch and Lipez, <u>Circuit Judges</u>.

<u>Jose A. Espinosa</u> on brief for petitioner.
<u>Thomas L. Holzman</u>, Special Attorney, Office of Immigration
Litigation, Civil Division, United States Department of Justice,
<u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division, and
<u>Terri J. Scadron</u>, Assistant Director, on brief for respondent.

August 14, 2006

**LYNCH**, <u>Circuit Judge</u>.  Lead petitioner Jameleddin Alsamhouri is a Jordanian citizen.  His wife and three children join, derivatively, this petition for review of an Immigration Judge's (IJ's) order denying a continuance to permit Alsamhouri to file an application for asylum, and ordering him removed, which was affirmed by the Board of Immigration Appeals (BIA).  There is a one-year time limit to file an application for asylum, subject to certain exceptions.  8 U.S.C. § 1158(a)(2)(B).

Alsamhouri admits removability, having entered the country on April 13, 2001 and overstayed.  Alsamhouri received a notice to appear dated March 12, 2003.  He appeared before an IJ on July 2, 2003 and was given a continuance.  At a master calendar hearing on April 19, 2004, petitioner appeared with counsel and was given until July 7, 2004 to file applications for asylum and withholding of removal.  On May 28, 2004, Alsamhouri's counsel filed a motion to withdraw, attaching a copy of a letter he had given to Alsamhouri on May 20, advising of the July 7, 2004 filing date and that failure to file the applications on time would forever bind petitioner.

At the July 7, 2004 hearing, Alsamhouri appeared but filed no application.  Alsamhouri was accompanied by both original counsel, who had not yet been given leave to withdraw, and new counsel, who stated that Alsamhouri had retained him only a few days earlier.  Original counsel informed the IJ that soon after the

April 19 master calendar hearing, he received a communication from petitioner that he had obtained other counsel and no longer needed the services of that original lawyer. The IJ questioned Alsamhouri, who testified he never understood there was a deadline for filing his applications and that he never received the letter from his counsel advising him of the deadline and the consequences of not meeting it. When the IJ pointed out his initials were on the letter produced by his first counsel, Alsamhouri switched his testimony to admit he received the letter, but then added that he did not understand it. The IJ found him not credible.

The IJ then deemed Alsamhouri's applications for asylum, withholding of removal, and relief under the Convention Against Torture to be withdrawn and abandoned with prejudice. Alsamhouri declined to request voluntary departure; the IJ ordered removal to Jordan.

On November 3, 2005, the BIA affirmed the order of removal, without opinion, 8 C.F.R. § 1003.1(e)(4).

Alsamhouri brought this petition for review. He challenges the denial of a further continuance as a violation of due process and as an abuse of discretion.

We acknowledge the correctness of the government's argument that we have no jurisdiction over whether the denial of a continuance was an abuse of discretion, 8 U.S.C. § 1252(a)(2)(B)(ii); we only address the due process claim.

That due process claim is not even colorable. The record supports the IJ's determination that Alsamhouri was well aware of the significance both of the application and of the filing date of July 7, 2004. As of July 7, 2004, nearly 16 months had elapsed from petitioner's receipt of his notice to appear. Petitioner had more than adequate time to obtain counsel and to file his applications. Indeed, petitioner had had nearly 39 months to file an application from the time he entered the U.S.

The record reflects actions by Alsamhouri to delay his immigration proceedings and thus string out the time he could remain in this country. There was evidence that Alsamhouri told his original counsel soon after the April 18 hearing that he had retained new counsel; and also evidence that he did not in fact retain new counsel until a few days before the July 7 hearing. Thus, the record does not support the statement in the brief submitted by new counsel that "the Petitioner did not delay in hiring an attorney."

On these facts, there is no possible claim that the denial of a continuance rendered the proceeding "fundamentally unfair." Jobe v. INS, 238 F.3d 96, 98 n.3 (1st Cir. 2001) (en banc).

The petition for review is denied and the order of deportation is upheld.

-4-