**Maciej PIETRZAK, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–1621–ag.**

United States Court of Appeals, Second Circuit.

Jan. 15, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Michael P. DiRaimondo (Marialaina L. Masi, Mary Elizabeth Delli–Pizzi, Stacy A. Huber, on the brief), DiRaimondo & Masi, LLP, Melville, NY, for Petitioner.

Daniel E. Goldman (Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Maciej Pietrzak, a native and citizen of Poland, seeks review of two agency decisions. On October 12, 2005, the BIA declined to review Pietrzak's interlocutory appeal from Immigration Judge ("IJ") Barbara A. Nelson's decision on July 20, 2005 to deny Pietrzak's motion to terminate removal proceedings, suppress evidence and withdraw concessions. In addition, on March 23, 2007, the BIA issued a one-judge order affirming the IJ's August 19, 2005 decision to deny Pietrzak's continuance request, to find Pietrzak removable as charged and to order him removed to Poland. In his petition to this Court, Pietrzak argues that the IJ and BIA erred in both sets of decisions and, in doing so, violated his right to be free of unreasonable searches and seizures under the Fourth Amendment and his due process rights under the Fifth Amendment.[2] We presume the parties' familiarity with the underlying facts and procedural history of the case.

█ In appealing the IJ's denial of his motion to suppress evidence, Pietrzak argues that the January 4, 2004 stop by Border Patrol agents that eventually resulted in his removal proceedings violated the Fourth Amendment. Specifically, Pietrzak contends that he was stopped by a "roving patrol" of Border Patrol agents who did not have "reasonable suspicion" to believe that Pietrzak was in the United States illegally. Whether Pietrzak was stopped by a roving patrol or at a fixed checkpoint is a question of fact, and we review the IJ's finding that it was a checkpoint under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B) (stat-

ing that factual findings by an IJ "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); Xian Tuan Ye v. U.S. Dep't of Homeland Sec., 446 F.3d 289, 294 (2d Cir. 2006).

On this fact issue, Pietrzak has identified no evidence in the record to support his allegation that a roving patrol stopped him on January 4, 2004. Instead, Pietrzak's own sworn declaration accompanying his motion to suppress evidence stated that he was stopped at an "immigration checkpoint." Pietrzak's counsel also submitted before the IJ a sworn declaration to that effect, and this concession is binding on Pietrzak. See Ali v. Reno, 22 F.3d 442, 446 (2d Cir.1994) (holding that alien was bound by his attorney's admission). Although Pietrzak argues in one section of his brief that the IJ erred in failing to find that a roving patrol stopped Pietrzak, he contradicts this argument elsewhere by stating that "it simply appears that Border Patrol Agents have set up a check point near Lake Placid for unknown reasons." Based upon the available evidence, we conclude that substantial evidence supports the IJ's factual finding that Pietrzak was stopped by Border Patrol agents at a fixed checkpoint, not by a roving patrol. Given this finding, the IJ properly denied Pietrzak's motion to suppress evidence because the Border Patrol agents would not have violated his Fourth Amendment rights in stopping Pietrzak even in the absence of reasonable suspicion. See United States v. Martinez-Fuerte, 428 U.S. 543, 562, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976) (holding that a permanent checkpoint to identify and detain illegal aliens did not violate the

---

2. Although Pietrzak relies upon the Due Process Clause of the Fourteenth Amendment in his brief, the Supreme Court decisions on which he relies instead apply the Due Process Clause of the Fifth Amendment. See, e.g.,

Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). As a result, we refer only to the Fifth Amendment in this order.

Fourth Amendment in stopping drivers with no reasonable suspicion). Moreover, even if a violation of Pietrzak's Fourth Amendment rights had occurred here, Pietrzak provides no compelling basis for us to depart from the general rule that the exclusionary rule does not apply to removal proceedings. *See INS v. Lopez–Mendoza*, 468 U.S. 1032, 1050–51 & n. 5, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) (suggesting, in dicta, that the exclusionary rule might apply to removal proceedings where "egregious" violations of the Fourth Amendment have occurred, such as the repeated refusal of requests for counsel or a nighttime warrantless entry into alien's home); *Almeida–Amaral v. Gonzales*, 461 F.3d 231, 235 (2d Cir.2006) (holding that "exclusion of evidence is appropriate under the rule of *Lopez–Mendoza* if record evidence established either (a) that an egregious violation that was fundamentally unfair had occurred, or (b) that the violation—regardless of its egregiousness or unfairness—undermined the reliability of the evidence in dispute").

■ Irrespective of any Fourth Amendment issues, Pietrzak's counsel conceded Pietrzak's removability before the IJ. Pietrzak appealed the IJ's decision to deny his request to withdraw this concession, but he has failed to offer any valid basis for such a withdrawal. In particular, Pietrzak does not deny that he had authorized David Klug to represent him at his July 16, 2004 hearing. Although Pietrzak argues that he never specifically authorized Klug to concede the removability issue, we have held that all that is required for an attorney's concession to be binding on an alien is the authorization of representation. *See Ali,* 22 F.3d at 446. In addition, Pietrzak argues that the quality of Klug's representation was so poor as to constitute the type of "egregious circumstances" that the BIA has suggested is

sufficient to release an alien from his attorney's concessions. *See In re Velasquez,* 19 I. & N. Dec. 377, 382 (1986) ("Absent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission."). In this regard, Pietrzak contends that the factual allegations in his Notice to Appear are incorrect and that Klug erroneously assumed otherwise, but Pietrzak does not explain which allegations are incorrect or why. As a result, Pietrzak offers no argument as to why he was not removable when Klug made this concession. Like the IJ, we conclude that Pietrzak's counsel exercised reasonable professional judgment in conceding his client's removability at the July 16, 2004 hearing. Furthermore, the IJ did not err either in relying upon this concession in ordering Pietrzak removed or in denying Pietrzak's motion to withdraw this concession.

■ Finally, Pietrzak argues that the IJ and the BIA violated the Due Process Clause of the Fifth Amendment. With regard to the IJ, Pietrzak contends that she violated his rights on August 19, 2005, in denying his request for an adjournment despite the fact that Pietrzak's interlocutory appeal was pending before the BIA and he had another matter pending before a different agency. However, the IJ has broad discretion to grant an adjournment for good cause, 8 C.F.R. § 1240.45; *Drax v. Reno,* 338 F.3d 98, 117 n. 25 (2d Cir. 2003), and we review her decision for an abuse of discretion. *See United States v. Gonzalez–Roque,* 301 F.3d 39, 45–46 (2d Cir.2002); *Sanusi v. Gonzales,* 445 F.3d 193, 199 (2d Cir.2006) (denial of continuance reviewed for abuse of discretion). Pietrzak cites no authority for the proposition that an IJ must grant such a motion when an interlocutory appeal is pending

before the BIA. *Cf. Pedreros v. Keisler,* 503 F.3d 162, 165–66 (2d Cir.2007) (finding that IJ did not abuse its discretion by denying a continuance when a petitioner's I–130 petition had been denied but an appeal was still pending in the BIA). Moreover, nowhere in his brief does Pietrzak allege that he suffered any prejudice as a result of the IJ's decision.

Pietrzak also complains that he had no "warning or preparation" for the IJ's removal order issued on August 19, 2005. But he had ample notice that he could be ordered removed at the August 19 hearing. This was the sixth hearing before the IJ over the previous fourteen months, and the Notice to Appear clearly informed Pietrzak that the purpose of these hearings was to consider his possible removal from the United States. Accordingly, we find that the IJ did not abuse her discretion in denying Pietrzak's motion and ordering him removed.

As to the BIA, Pietrzak argues that the BIA violated its own regulations by affirming the IJ's decision by one-judge unwritten order rather than refer the matter to a three-judge panel for written opinion, thereby violating his due process rights.[3] If, as Pietrzak assumes, the BIA's order affirming the IJ's decision was a one-judge unwritten order,[4] then we lack jurisdiction to review it. We have no jurisdiction to review a single Board member's decision to unilaterally affirm the IJ's decision rather than refer the matter to a three-judge panel pursuant to the streamlining regulations. *See Kambolli v. Gonzales,* 449 F.3d 454, 460–64 (2d Cir.2006). Moreover, even if we had jurisdiction, Pietrzak's argument is without merit, as he offers no specific basis for his claim that the BIA improperly departed from its own regulations in not referring this matter to a three-judge panel. Therefore, we dismiss this portion of Pietrzak's petition for lack of jurisdiction.

For the foregoing reasons, Pietrzak's petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal is DENIED as moot.

---

**3.** In his brief, Pietrzak does not appear to challenge the constitutionality of the relevant regulations themselves. To the extent that he does so, we adhere to our prior decision upholding such regulations. *See Zhang v. Gonzales,* 362 F.3d 155, 157 (2d Cir.2004).

**4.** It is unclear to us, despite both parties' assumption, that the BIA order was an affirmance without written opinion under 8 C.F.R. § 1003.1(e)(4), rather than a one-judge written order under 8 C.F.R. § 1003.1(e)(5). When one Board member decides to affirm the IJ's decision without opinion, the regulation provides that "the Board shall issue an order that reads as follows: 'The Board affirms, without opinion, the result of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. 1003.1(e)(4).' " 8 C.F.R. § 1003.1(e)(4). Such an order "shall not include further explanation or reasoning." *Id.* The BIA order here does contain this language, and appears instead to be a one-judge written order under 8 C.F.R. § 1003.1(e)(5). Even if the decision is a one-judge written order, however, we still lack jurisdiction to hear a claim that referral to a three-judge panel was required. *See Guyadin v. Gonzales,* 449 F.3d 465, 469 (2d Cir.2006).