**Not for Publication in West's Federal Reporter)**

# United States Court of Appeals

## For the First Circuit

No. 07-1981

MUSA KARIM,

Petitioner,

v.

MICHAEL MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

Musa Karim on brief pro se.
Corey L. Farrell, Attorney, Department of Justice, Civil Division, Terri J. Scadron, Assistant Director, and Jeffrey S. Bucholtz, Acting Attorney General, on brief for respondent.

March 13, 2008

**Per Curiam**. Petitioner Musa Karim petitions for review of the decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the Immigration Judge (IJ) ordering him removed to Kenya for being an alien in violation of his immigration status, pursuant to 8 U.S.C. § 1227(a)(1)(C)(i). Karim contends that the BIA erred in rejecting his claim of U.S. citizenship and his claims of violations of procedural due process in his immigration proceedings. We deny the petition for review.

"We review the BIA's decisions under the 'substantial evidence' standard, which means we will uphold the decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' This is a deferential standard, and we will reverse the BIA only if the evidence compels that result." Attia v. Gonzales, 477 F.3d 21, 23 (1st Cir. 2007).

Karim's central claim is that the IJ and BIA improperly shifted the burden of proving alienage to him and relied upon evidence that was obtained as a result of the government's alleged "egregious" and unconstitutional conduct in searching his home. The record reveals, however, that the IJ properly relied upon Karim's pleading, submitted in September 2005, in which he (through counsel) admitted the factual allegations in the Notice to Appear (NTA), including the allegation that he was not a United States citizen. The pleading satisfied the government's burden. "[T]he government need only establish the [individual's] identity and

-2-

alienage to meet its burden on deportation.  The burden then shifts to the [individual] to show the time, place, and manner of entry in order to defeat deportation." Navarro-Chalan v. Ashcroft, 359 F.3d 19, 22 (1st Cir. 2004).

Karmir argues that he should be permitted to withdraw the concession in his pleading because he never specifically authorized his attorney to concede the facts alleged in the NTA. However, Kamir has not alleged that he did not authorize Attorney Macarius to represent him at the September 29, 2005 hearing, in which Kamir participated via televideo conferencing and at which time the pleading was submitted without objection.  "[A]ll that is required for an attorney's concession to be binding on an alien is the authorization of representation." Pietrzak v. Mukasey, ___F.3d ___, (2d Cir. 2008) [2008 WL 142796, at *2]. Nor has Karim shown that his attorney engaged in the kind of "egregious" conduct that might warrant releasing Karim from his attorney's concessions. See id.  Karim himself contends that he only became aware that he was a United States citizen two months before his February 8, 2007 hearing, long after the pleading was

submitted.[1]  He has otherwise failed to allege that the pleading contained false information.

In all events, the record supports the BIA's finding that Karim, after claiming U.S. citizenship for the first time in January 2007, provided "no evidence that he was born in the United States."  The additional evidence submitted to the BIA on appeal, consisted only of the passport and death certificate for Ruth Schaffner, without explanation of Karim's relationship to Schaffner or the effect of that relationship upon his citizenship status.  Therefore, we conclude that the BIA supportably found that such evidence did "not require a remand for its consideration."

The BIA's rulings on Karim's remaining claims are fully supported by the record.  Karim argues that the IJ erred in re-calendaring his case without conforming to the regulations that govern re-opening of an immigration case.  The record establishes that the case was "administratively closed" in October 2005, and "re-calendared" in November 2006.  "Administrative closure is a procedural convenience that may be granted if both parties to the

---

[1] In light of Karim's pleading admitting alienage, it is unnecessary to consider his claim that reliance upon his passport, visa and other documents seized during the search of his apartment violated his Fourth Amendment and due process rights. See Kandamar v. Gonzales, 464 F.3d 65, 74 (1st Cir. 2006) (holding that any error that occurred from allegedly unconstitutional seizure would be harmless in light of untainted evidence of petitioner's removability).

-4-

removal proceedings agree, but it does not constitute a final order. . . Rather, administrative closure of a case <u>temporarily</u> removes a case from an immigration judge's calendar or from the Board's docket." <u>Lopez-Reyes</u> v. <u>Gonzales</u>, 496 F.3d 20, 21 (1st Cir. 2007)(emphasis added). The BIA properly found that the Department of Homeland Security "was not required to meet the requirements of a motion to reopen." And because the administrative closure did not constitute a final order, Karim's res judicata and double jeopardy claims lack merit.

The BIA properly ruled that the IJ did not err in determining that Karim's applications for relief from removal were abandoned after he failed to meet the extended deadline for filing them. The only explanation Karim gave for his failure to conform with the deadline was his claim of U.S. citizenship. He requested a continuance to obtain documents to present to the court. But he did not specify that the documents related to applications for relief from removal. In the absence of a showing by Karim of good cause, the IJ did not abuse his discretion in failing to grant another continuance. <u>See</u> <u>Alsamhouri</u> v. <u>Gonzales</u>, 484 F.3d 117, 122 (1st Cir. 2007). As the BIA properly found, Karim has never explained what evidence he would have presented in support of his applications for relief. Therefore, he has failed to show prejudice from the IJ's determination that the applications were abandoned.

Karim's remaining claims relating to evidentiary rulings during his immigration proceedings are without merit. "The Federal Rules of Evidence do not apply in [immigration] proceedings, but the less rigid constraints of due process impose outer limits based upon considerations of fairness and reliability." Yongo v. INS, 355 F.3d 27, 30 (1st Cir. 2004). Karim has not explained how being provided in advance with copies of documents submitted into evidence by the government would have made a difference in the outcome of his case. "It is beyond peradventure that before a petitioner in an immigration case may advance a procedural due process claim, he must allege some cognizable prejudice fairly attributable to the challenged process." Lattab v. Ashcroft, 384 F.3d 8, 20 (1st Cir. 2004). As discussed above, the IJ appropriately relied upon Karim's concession to the facts alleged in the NTA in determining that he was removable as charged. To the extent that the IJ relied upon Karim's conviction for marriage fraud, it was only in denying his request for voluntary departure. "[B]y statute, this court lacks authority to review a refusal to allow voluntary departure." Karim v. Gonzales, 424 F.3d 109, 112 (1st Cir. 2005).

Finally, the record supports the BIA's finding that there was "no evidence of improper conduct on the part of counsel [for the government]" in Karim's immigration proceedings.

The decision of the BIA dismissing Karim's appeal is <u>affirmed</u> and the petition for review is <u>denied</u>.