**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-1515

MARIA A. LOPEZ, ET AL.,

Petitioners,

v.

MICHAEL MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Circuit Judge</u>,

Campbell and Selya, <u>Senior Circuit Judges</u>.

William E. Graves, Jr. and Graves & Doyle on brief for petitioners.

Robbin K. Blaya, Attorney, Office of Immigration Litigation, United States Department of Justice, Peter Keisler, Assistant Attorney General, Civil Division, and Anthony W. Norwood, Senior Litigation Counsel, on brief for respondent.

March 14, 2008

**CAMPBELL**, <u>Senior Circuit Judge</u>.  Petitioners Maria Adela Lopez[1] and her daughters Flor Katherin Roman-Nunez and Karen Roman-Nunez, natives and citizens of Peru, petition for review of a final order of removal issued by the Board of Immigration Appeals ("BIA" or "Board") on February 28, 2007.  They contend that the Board abused its discretion when it denied their motion for a continuance and that denial of the continuance violated their due process rights.  We deny the petition for review.

The petitioners were admitted to the United States in Miami, Florida, on or about July 31, 2001 as nonimmigrant visitors with permission to stay in the United States for a temporary period not to exceed January 30, 2002.  On January 30, 2004, the Department of Homeland Security ("DHS") issued Notices to Appear charging petitioners with removal because they had overstayed their time in the United States.  Petitioners admitted the charges and conceded removability.  Peru was designated as the country of removal.

Maria Lopez appeared before the immigration judge ("IJ") with counsel on April 28, 2005 (her daughters were excused from coming to the hearing).  Their counsel informed the IJ that petitioners' visa applications had been denied but that they planned to appeal from the denial.  They, therefore, sought a

---

[1]Lopez is referred to as "lead petitioner" unless otherwise noted, to avoid confusion with her claimed husband, Jorge Lopez.

-2-

continuance of the removal proceedings in order to pursue their appeal from the visa denials. Petitioners had contended in their visa applications that because the lead petitioner (Maria Lopez) had married an American citizen, Jorge Lopez, before her daughters reached the age of 18, all three petitioners were entitled to an adjustment of status.

The government opposed the continuance, noting that this was the second denial of a visa petition ("I-130") in the case. The government asserted that because the lead petitioner had engaged in marriage fraud she was barred from receiving a visa by 8 U.S.C. § 1154(c) (prohibiting the granting of immigrant status to those involved with marriage fraud). In connection with the motion to continue, however, the government had no objection to allowing petitioners to file a full copy of their visa petition and the evidence submitted in connection with it, along with the DHS's decision and the appeal notice. Petitioners' counsel was ordered to submit these materials to the immigration court by May 31, 2005.

At the next hearing, on June 23, 2005, petitioners' counsel admitted he had not submitted the ordered materials by the prescribed date but said he had appealed from the visa denial and had with him evidence of having done so. The IJ responded that she had given the May 31, 2005 date for submission of the visa petition proceedings so that she could review the application and supporting documentation to see if there was any merit to the continuance

request. Petitioners' counsel indicated that "my sense is that the Government has some--some evidence that, in fact, the marriage was not entered into in good faith."

The IJ noted that petitioners' counsel had yet to submit an actual motion for continuance. In response, petitioners' counsel stated he believed the "best way to proceed" was to have a hearing on the issue of voluntary departure and handle the visa issue on appeal to the Board. He said that he had missed the filing deadline due to the "press of business." The IJ granted petitioners' counsel another continuance of more than two months to submit the relevant information. A hearing was scheduled for October 3, 2005 to decide whether a further continuance should be granted and to rule on the application for voluntary departure. The IJ informed counsel that any motion for a continuance was due on or before September 21, 2005, and that the voluntary departure issue would be waived if he missed the date.

At a subsequent hearing held on November 9, 2005, the IJ noted that DHS had submitted as evidence an I-130 filed in September 30, 2002, the notice of intent to deny, and the denial. Additionally, DHS submitted a copy of the I-130 that had been resubmitted on November 23, 2004 and notice of denial of the second petition on April 18, 2005. DHS opposed any further continuances. The court pointed out there had been two denials of what was essentially the same visa petition and that apparently the second

-4-

denial, dated April 18, 2005, was on appeal. Petitioners' counsel indicated that he was attempting to gather evidence to address some of the DHS's concerns on appeal and offered some of that evidence at the instant hearing. Counsel indicated he had copies for the DHS and the immigration court and that he would be seeking another continuance.

DHS stated it was opposed to any further continuances based on petitioners' purported appeal from denial of the visa petition. DHS counsel said there was a "history of fraud and shammed marriage" in the case and little prospect for success on the appeal from the second denial. The IJ agreed with DHS that a continuance was unwarranted.

Petitioners' counsel argued that medical evidence he presented concerning Jorge Lopez addressed some of the issues related to the denial of the I-130. The IJ responded that the medical evidence did not establish the existence of a marriage. The IJ denied the motion for a continuance and then recessed to allow petitioners to speak to their attorney about applying for voluntary departure. When the hearing resumed, petitioners' counsel stated petitioners would not seek voluntary departure.

The IJ then denied the motion to continue in an opinion issued on November 9, 2005. She found that the evidence submitted did not establish any exceptional or actual hardship to Lopez. Further, she found that the documentation did not compel a finding

different from that arrived at by DHS. She said the Board should decide the I-130 appeal as quickly as possible. As petitioners did not seek voluntary departure, she ordered them removed to Peru.

On February 28, 2007, the Board dismissed petitioners' appeal from the denial of the continuance. The Board explained that an IJ may grant a motion for continuance only for good cause shown and that a denial of such a motion will not be reversed "unless the alien establishes that the denial caused her actual prejudice and harm and materially affected the outcome of her case." In re Perez-Andrade, 19 I&N Dec. 433 (BIA 1987).

The Board found that a review of the record showed that on two occasions, Jorge Lopez filed an I-130 on behalf of Maria Lopez and her children. On November 21, 2003, in response to the first I-130, U.S. Citizenship and Immigration Services ("CIS") issued a Notice of Intent to Deny detailing allegations of a sham marriage between Maria and Jorge Lopez. The Notice of Intent stated that the lead petitioner (Maria Lopez) was in fact married to Luis Roman, a Peruvian national and the father of her two children, with whom she resided in Cranston, Rhode Island. The Notice went on to say she had previously provided sworn testimony to CIS that she had not been married and that the father of her children resided in Peru. Her request to withdraw this petition was rejected by CIS, and a final decision issued finding petitioner

had entered into a sham marriage for the purpose of evading the immigration laws.

The Board's decision went on to note that Jorge Lopez had refiled the I-130 on behalf of the petitioners. Supplemental information submitted by the lead petitioner acknowledged she was in fact married to Luis Roman when the original petition was filed but said she had divorced him on May 6, 2004 and married Jorge Lopez the next day. Maria and Jorge Lopez were called to the local CIS office to provide testimony regarding the petition. CIS issued a final decision on April 18, 2005, upholding its previous finding of marriage fraud. The decision contained a thorough review of the wholly inconsistent testimony given by the two during their separate interviews with CIS.

The Board agreed with the IJ that petitioners had not shown good cause for a continuance. The Board also questioned the truth of petitioners' representation to the IJ that a valid appeal from the I-130 was pending before the Board. The only evidence of such an appeal, the Board said, was a photocopy of an appeal and fee receipt dated May 5, 2005, but stamped by the immigration court on September 21, 2005, well after the period for a timely appeal had expired. Petitioners have submitted no evidence beyond the fee receipt in support of their claim to have appealed.

On October 1, 2007, the Board denied the petitioners' motion to reopen proceedings for adjustment of status. In that

decision, as to which no review action is pending, the Board observed in a footnote that:

> It is noted that the lead respondent [Maria Lopez] asserts that she is the beneficiary of a Form I-130, which was twice denied by the United States Citizenship and Immigration Services (CIS). She further claims that she appealed from the CIS denial to this Board. However, the Board's electronic system does not confirm the filing of the appeal, nor has the respondent provided a copy of such.

## Discussion

Petitioners argue that the BIA abused its discretion in denying their request for a continuance to pursue their adjustment claim. They further argue that their due process rights were violated. We find a conspicuous absence of merit in both contentions and deny the petition for review.

The Attorney General's regulations authorize immigration judges in their discretion to grant or deny continuances. 8 C.F.R. § 1003.29 ("The immigration judge may grant a motion for continuance on good cause shown."); Alsamhouri v. Gonzales, 484 F.3d 117, 122 (1st Cir. 2007); see also 8 C.F.R. § 1240.6 ("the immigration judge may grant a reasonable adjournment . . . for good cause shown."). The decision whether to continue a hearing is committed to the immigration judge's sound discretion, see In re Sibrun, 18 I&N Dec. 354, 356-57 (BIA 1983). Thus, on a petition for review, we review an IJ's denial of a continuance only for an abuse of discretion. Feliz v. Gonzales, 487 F.3d 71, 73 (1st Cir. 2007). We have said that we will reverse only if the IJ "made an

error of law or acted in a manner that is arbitrary or capricious." Cruz-Bucheli v. Gonzales, 463 F.3d 105, 107 (1st Cir. 2006). Nothing of the sort appears here.

As the Board found, the IJ did not abuse her discretion when she denied petitioners' motion for continuance. There was strong, indeed overwhelming, evidence in the record of the visa petition proceedings supporting the DHS's determination of marriage fraud and its recorded denial of the I-130.

The Board, in its review, examined the evidence carefully, as have we. Petitioners' testimony was studded with inconsistencies, and the record plainly justified the finding of marriage fraud. There was little reason to believe that finding would be overturned on appeal.

Additionally, the Board determined that while petitioners argued, in justification of a continuance, that they had appealed to the Board from the second I-130 denial, the only evidence of an appeal was a fee receipt dated May 5, 2005 and a copy of a notice of appeal stamped on September 21, 2005, well after expiration of the period allowed for filing an appeal. 8 U.S.C. § 1003.38(b). In its October 1, 2007 denial of the petitioners' motion to reopen, the Board once again noted that there was no record of the filing of an appeal and that the petitioners had not provided a copy of one. Moreover, even if a valid appeal were pending, the Board reasonably found that "good cause is not shown by requesting a

continuance to await the results of a collateral event, which may occur at some indefinite time in the future, and the outcome of which, may or may not be favorable" to petitioners. There was no abuse of discretion in the denial of the motion for a continuance.

Petitioners also argue they were not provided with due process because CIS "appeared gratuitously harsh" to the family and because they were not represented by counsel in their I-130 application. We review constitutional claims de novo. Ibe v. Gonzales, 415 F.3d 142, 144 (1st Cir. 2005). An alien may not predicate a due process claim on a denial of adjustment of status because it is a discretionary form of relief in which the alien has no cognizable liberty interest. Naeem v. Gonzales, 469 F.3d 33, 38-39 (1st Cir. 2007). Moreover, there is no evidence here of undue harshness by anyone.

Further, petitioners have failed to show any prejudice. "[B]efore a petitioner in an immigration case may advance a procedural due process claim, he must allege some cognizable prejudice fairly attributable to the challenged process." Lattab v. Ashcroft, 384 F.3d 8, 20 (1st Cir. 2004). Petitioners contend they had no opportunity to rebut the claims against them, but they could have responded to the Notice of Intent to Deny and attempted to explain why the DHS's evidence of marriage fraud was incorrect or insufficient. Petitioners had their petitions reviewed twice, and they have yet to show that the proceedings were "fundamentally

unfair."  <u>Jobe</u> v. <u>INS</u>, 238 F.3d 97, 98 n.3 (1st Cir. 2001) (en banc) (quoting <u>Bernal-Vallejo</u> v. <u>INS</u>, 195 F.3d 56, 63 (1st Cir. 1999)) (internal quotation marks omitted).

Petition for review is **denied**.