**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE CATALINO QUINTEROS RAMOS,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 06-74031<br><br>Agency No. A072-130-907<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2010
Pasadena, California

Before: TROTT and WARDLAW, Circuit Judges, and MOSMAN, District
Judge.[**]

  Jose Catalino Quinteros Ramos, a native and citizen of El Salvador, petitions

for review of the decisions of the Immigration Judge (IJ) and Board of Immigration

Appeals (BIA) dismissing his claims for asylum, withholding of removal, and

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The Honorable Michael W. Mosman, United States District Judge for
the District of Oregon, sitting by designation.

protection under the Convention Against Torture for failure to establish identity

and to prosecute his claims in a timely fashion. We have jurisdiction pursuant to 8

U.S.C. § 1252. We deny the petition.

When "the BIA adopts and affirms the IJ's decision with a citation to

*Burbano*, and does not disagree with any part of the IJ's decision, we review the

IJ's decision as if it were the decision of the BIA." *Cruz Rendon v. Holder*, 603

F.3d 1104, 1109 (9th Cir. 2010) (citing *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th

Cir. 2009); *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc)).

When the BIA adds its own reasoning, we review both decisions. *Id.* (citing *Nuru*

*v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005)).

The IJ did not abuse his discretion by pretermitting Quinteros's applications

for relief, and the BIA did not abuse its discretion in affirming that pretermission.

"The Attorney General may require applicants to submit fingerprints . . . at such

time and in such manner to be determined by regulation by the Attorney General."

8 U.S.C. § 1158(d)(1). "Failure to . . . comply with the requirements to provide

biometrics . . . within the time allowed by the immigration judge's order,

constitutes abandonment of the application [for relief] and the immigration judge

may enter an appropriate order dismissing the application unless the applicant

demonstrates that such failure was the result of good cause." 8 C.F.R. §

2

1003.47(c); *see also* 8 C.F.R. § 1208.10 ("Failure to comply with processing requirements for biometrics . . . within the time allowed will result in dismissal of the application, unless the applicant demonstrates that such failure was the result of good cause."). At Quinteros's January 22, 2004 hearing, the IJ acknowledged that Quinteros had complied with the fingerprinting requirement, but instructed him to update them due to their fifteen-month expiration date before the continued hearing on April 4, 2005. Quinteros's statement to the IJ on April 4, 2005 that he was waiting for a form from the government to obtain fingerprints for a work permit did not by itself demonstrate good cause for failure to comply. Unlike the petitioners in *Cui v. Mukasey*, 538 F.3d 1289 (9th Cir. 2008), and *Karapetyan v. Mukasey*, 543 F.3d 1118 (9th Cir. 2008), moreover, Quinteros did not request a continuance to submit his fingerprints, and does not argue now that he should have received one.

Because both the statute and regulation are discretionary, we cannot say the IJ abused his discretion in pretermitting Quinteros's case. Therefore, Quinteros cannot establish a violation of due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [a petitioner] must show error and substantial prejudice.").

Contrary to Quinteros's argument, the IJ did not find that Quinteros's criminal convictions barred relief. Instead, the IJ relied on his criminal history to deny voluntary departure only, and the BIA agreed. Even had Quinteros appealed this determination, we lack jurisdiction over discretionary determinations to deny voluntary departure. *See Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010) (citing 8 U.S.C. § 1229c(f)).

The petition is DENIED.