# United States Court of Appeals
## For the First Circuit

No. 10-2246

YENNY ADRIANA GOMEZ-MEDINA,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Chief Judge</u>,
Boudin and Lipez, <u>Circuit Judges</u>.

<u>Benjamin B. Tairi</u> on brief for petitioner.
<u>Manuel A. Palau</u>, Trial Attorney, Office of Immigration Litigation, <u>Tony West</u>, Assistant Attorney General, Civil Division, Department of Justice, and <u>Terri J. Scanlon</u>, Assistant Director, Civil Division, on brief for respondent.

July 27, 2012

**LYNCH, <u>Chief Judge</u>**.  Yenny Adriana Gomez-Medina, a Colombian national and citizen, petitions for review of a September 21, 2010, final order of removal by the Board of Immigration Appeals (BIA).  Petitioner and her counsel ignored and failed to comply with direct orders from the Immigration Judge (IJ), who found their purported justifications for non-compliance far from adequate.  The IJ denied a last-minute request to continue the long-scheduled hearing and deemed Gomez-Medina's applications for relief abandoned.  The BIA agreed on all accounts.  We deny her petition.

I.

On June 14, 2006, Customs and Border Patrol (CBP) agents stopped Gomez-Medina at a CBP checkpoint in New Hampshire. Gomez-Medina failed to produce valid immigration documents, and the CBP issued a Notice to Appear charging that she was removable as an alien present in the United States without having been admitted or paroled by immigration authorities, pursuant to the Immigration and Nationality Act.  8 U.S.C. § 1182(a)(6)(A)(i).  It is not clear when Gomez-Medina made her unauthorized entry into the United States.  Petitioner once asserted it was in May of 1995, but later disclaimed that date of entry.  The 1995 date predated the events which were alleged as the basis for her application for relief.

On July 30, 2007, more than a year after she was apprehended and her removal proceedings had begun, Gomez-Medina

filed an application for asylum, withholding of removal, and Convention Against Torture (CAT) protection in the immigration court. The gravamen of Gomez-Medina's application is that, on or about October 26, 2001, while living in Colombia, she was with friends on a public transit bus that was attacked by the Colombian paramilitary group FARC (Revolutionary Armed Forces of Colombia). FARC guerillas removed and killed five passengers on the bus, but released Gomez-Medina. However, because of what she witnessed, and in light of other problems some of her family members have had with FARC, Gomez-Medina says she fears that harm will befall her and her family if she returns to Colombia.

Gomez-Medina's case was before the immigration court for almost two years. During this period, the IJ held three hearings on January 27, 2007, August 27, 2007, and November 13, 2008, and granted one continuance. Gomez-Medina was represented by counsel at all of these hearings.

At the hearing on January 27, 2007, the IJ directed Gomez-Medina to make several submissions to the court. First, at least thirty days prior to the hearing on August 27, 2007, Gomez-Medina was to submit: (1) a declaration or any documentation setting forth the details of her entry into the United States, and (2) a brief addressing the applicability of the one-year bar for asylum claims to her application. In addition, in accordance with governing Department of Homeland Security (DHS) regulations,

Gomez-Medina was to request initial biometric data processing (i.e. fingerprinting) by March 12, 2007. The IJ also issued Standing Orders, which stated that failure to comply with any of these directives could result in dismissal of the underlying claims.

By the status hearing on August 27, 2007, petitioner had complied with only the IJ's directive to secure initial biometric processing. The IJ granted petitioner a continuance of over a year to prepare her case and ordered that the previously requested declaration and brief be submitted at least thirty days prior to the merits hearing scheduled for November 13, 2008. Additionally, because the DHS required that biometric data be updated every fifteen months, the IJ ordered Gomez-Medina to secure new fingerprinting in accordance with the governing regulations. The IJ reiterated the potential consequences for failure to comply with these orders -- namely, dismissal with prejudice. Gomez-Medina's counsel confirmed that he understood both the IJ's orders and the consequences attached to them.

The merits hearing commenced as scheduled on November 13, 2008. Both Gomez-Medina and her counsel had failed to comply with any of the IJ's outstanding directives by this time. Nearly two years after the documents were originally requested, Gomez-Medina had not submitted a declaration on the details of her entry into the United States or a brief on the one-year filing limitation for asylum. Gomez-Medina had also not updated her fingerprints.

Counsel offered several excuses for failing to comply with these directives. With respect to petitioner's failure to file a declaration and brief, counsel cited to an emergency motion for continuance he filed on the day before the merits hearing. The motion stated that in late October 2008 counsel had received a Colombian newspaper article confirming that Gomez-Medina had been on the bus attacked by FARC. Counsel said he had not submitted the court ordered documents because he had not had sufficient time to incorporate this newfound clipping.[1] In response to the IJ's questioning, counsel conceded that Gomez-Medina had not filed for asylum within the one-year time limit and provided no explanation as to why an exception might apply to her application. With respect to updating Gomez-Medina's biometric data, counsel stated that he had misunderstood the IJ's August 2007 order and mistakenly believed that Gomez-Medina's biometrics were still valid.

At the hearing's close, the IJ issued an oral decision denying a further continuance and dismissing petitioner's claims as abandoned, for failure to comply with his outstanding orders. Gomez-Medina had abandoned her claim for asylum by failing to submit a declaration addressing the time, place, and manner of her entry into the United States and a brief addressing whether she was in compliance with the one-year time limit for asylum claims (or

---

[1] The motion also stated that, due to a spring pregnancy, Gomez-Medina had not been able to prepare for the November hearing. She appeared at the hearing along with counsel.

entitled to an exception to this limit). The IJ noted that, no matter its contents, the Colombian newspaper article would not bear on either of those required submissions. The IJ then dismissed Gomez-Medina's claims for withholding and CAT protection due to her expired biometric data.

On September 21, 2010, the BIA issued an opinion affirming the IJ's decision and dismissing Gomez-Medina's timely appeal. In her appeal, petitioner asserted that the IJ erred in not considering her emergency motion to continue. She also asserted a new reason for her failure to secure updated fingerprints: she said she had applied to the United States Citizen and Immigration Services for new fingerprinting in November of 2007, but she had never received an appointment.

The BIA rejected all of Gomez-Medina's claims. It determined that she had been afforded an opportunity for a full and fair hearing and that she had failed to show good cause for her emergency continuance and her failure to comply with the IJ's orders.

II.

Where, as here, the BIA adopts, affirms, and further supports an IJ's decision, we review both opinions, Kartasheva v. Holder, 582 F.3d 96, 105 (1st Cir. 2009), in light of the administrative record, 8 U.S.C. § 1252(b)(4)(A). We review any legal conclusions de novo, "subject to appropriate principles of

administrative deference," <u>Larios</u> v. <u>Holder</u>, 608 F.3d 105, 107 (1st Cir. 2010), and accept all findings of fact "that are supported by substantial evidence on the record as a whole," <u>Morgan</u> v. <u>Holder</u>, 634 F.3d 53, 57 (1st Cir. 2011).

A.        <u>Denial of Continuance</u>

Counsel for Gomez-Medina argues that the IJ erred in failing to consider her emergency motion to continue.  But the record is clear that the IJ considered petitioner's motion and denied it.  We review a denial of continuance under the deferential abuse of discretion standard, <u>Alsamhouri</u> v. <u>Gonzales</u>, 484 F.3d 117, 122 (1st Cir. 2007), and will reverse only where "the IJ 'made an error of law or acted in a manner that is arbitrary or capricious,'" <u>Lopez</u> v. <u>Mukasey</u>, 269 F. App'x 8, 11 (1st Cir. 2008) (quoting <u>Cruz-Bucheli</u> v. <u>Gonzales</u>, 463 F.3d 105, 107 (1st Cir. 2006)).

In considering and denying Gomez-Medina's motion, the IJ did not abuse his discretion.  IJs are afforded broad authority to impose deadlines for court filings.  8 C.F.R. §§ 1003.31(c), 1240.1(c).  This authority reflects "the government's strong interest in the orderly and expeditious management of immigration cases." <u>Alsamhouri</u>, 484 F.3d at 123.  Where a litigant attempts to extend these deadlines through a motion to continue, an IJ "may" grant that motion "for good cause shown."  8 C.F.R. § 1003.29.

The record shows that for nearly two years, petitioner failed to abide by the IJ's directives without furnishing a reasonable justification. Moreover, her emergency motion -- filed one day prior to a hearing she had enjoyed more than a year to prepare for -- in no way mitigated her prior or continued delinquency. The motion did not explain why petitioner had failed to secure updated biometric data; in fact, it did not address the subject at all. Further, the motion's impetus -- the newly acquired newspaper clipping -- was irrelevant to the filings previously requested by the IJ.

The IJ was well within his discretion, on these facts, to deny the petitioner's motion for lack of good cause. See Juarez v. Holder, 599 F.3d 560, 566 (7th Cir. 2010) (affirming denial of continuance where petitioners had "over a year to comply" with biometric requirements and failed to do so); see also Alsamhouri, 484 F.3d at 123-24 (affirming denial of continuance where petitioner disregarded deadline to file an asylum application and submit a memorandum on one-year filing time limit).

B.        Dismissal of Claims as Abandoned

Gomez-Medina argues that the IJ's dismissal of her claims for relief as abandoned was improper and that the dismissal -- in conjunction with the BIA's affirmance -- violated her right to a full and fair hearing under the Due Process Clause. She is incorrect on both fronts.

The IJ dismissed Gomez-Medina's claims on the basis of her failure to comply with three separate court orders: (1) to submit a declaration on the time, place, and manner of her entry; (2) to submit a brief on the one-year limit for her asylum claim; and (3) to update her biometric data. Generally, we review an IJ's dismissal for abuse of discretion where, as here, it is based upon a petitioner's failure to abide by court-ordered filing deadlines. See Karim v. Mukasey, 269 F. App'x 5, 7 (1st Cir. 2008) (per curiam); Alsamhouri, 484 F.3d at 123; see also 8 C.F.R. § 1003.31(c) ("The Immigration Judge may set and extend time limits for the filing of applications and related documents . . . . If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived.").

The IJ did not abuse his discretion here. Petitioner's application for asylum was her strongest claim for relief. However, she failed to submit either of the court-ordered documents necessary to resolve that claim. Moreover, the petitioner conceded that she had not filed for asylum within the one-year time limit and offered no grounds for a finding that she was subject to any exception. It is also clear that there were no good reasons for any of the petitioner's failures to comply with the IJ's outstanding orders. Indeed, several of the excuses offered suggested a lack of candor on the part of both the petitioner and

her counsel. One continuance had already been given, and there was ample time to prepare for the November hearing.

The system for hearing cases for relief from removal takes considerable time. There is a strong public interest in compliance with immigration court deadlines, whether they are statutory, regulatory, or those set by judges. See, e.g., Caldero-Guzman v. Holder, 577 F.3d 345, 348-49 (1st Cir. 2009) (affirming dismissal for failure to abide by regulatory deadline); Alsamhouri, 484 F.3d at 123. There is also a strong interest in not allowing manipulations of the system in order to cause delay. See Herbert v. Ashcroft, 325 F.3d 68, 71 (1st Cir. 2003) (noting that immigration regulations were adopted, in part, to combat dilatory tactics by aliens that "effectively extended their stay in this country").

We have specifically noted disapproval of continuances sought for purposes of delay. See Alsamhouri, 484 F.3d at 123 (affirming denial of continuance and dismissal where delay resulted from petitioner's "disregard of a known deadline"); see also Kaweesa v. Gonzales, 450 F.3d 62, 70 (1st Cir. 2006) (permitting delay where petitioner had not made deliberate efforts "to delay [the] proceedings"); Herbert, 325 F.3d at 72 n.1 (permitting delay where it was not "a ploy to avoid the deportation hearing"). This case evokes such dilatory purposes.

Beyond petitioner's failure to submit a declaration and brief, updated biometric data is a prerequisite for every form of relief she sought. 8 C.F.R. § 1003.47(b)(1), (7). Failure to update biometric data "within the time allowed by the immigration judge's order[] constitutes abandonment of the application . . . unless the applicant demonstrates that such failure was the result of good cause." Id. § 1003.47(c).

This circuit has not set the standard of review for a dismissal of claims under section 1003.47(c). However, other circuits have applied an abuse of discretion standard in affirming dismissals on this ground. See Quinteros Ramos v. Holder, 412 F. App'x 2, 3-4 (9th Cir. 2010) (per curiam); Umezurike v. Holder, 610 F.3d 997, 1001-02, 1004 (7th Cir. 2010). In light of these holdings, and the section's discretionary language, 8 C.F.R. § 1003.47(c) (an IJ "may enter an appropriate order dismissing the application" for failure to update biometric data) (emphasis added)), an abuse of discretion standard is appropriate for our review in these circumstances. There was no abuse here.

Finally, there was no denial of petitioner's due process rights. As the BIA noted, Gomez-Medina was given the opportunity for a full hearing under the governing regulations. By her conduct in not complying with a series of reasonable and clear deadlines, and not being ready for her scheduled hearings, she ran a considerable risk. There was nothing unfair about the consequences

that followed.  <u>Umezurike</u>, 610 F.3d at 1004 (denying due process claim where IJ dismissed application for relief as abandoned for failure to abide by court-imposed deadlines); <u>Alsamhouri</u>, 484 F.3d at 124-25.

III.

The petition for review is denied.