# United States Court of Appeals
## For the First Circuit

No. 13-1520

LLANERY SOTO,

Petitioner,

v.

ERIC HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Stahl and Howard, Circuit Judges.

John H. Ruginski, Jr., on brief for petitioner.
Andrew Olivera, Trial Attorney, Office of Immigration
Litigation, Civil Division, Department of Justice, Stuart F.
Delery, Acting Assistant Attorney General, and Richard M. Evans,
Assistant Director, on brief for respondent.

December 3, 2013

**STAHL, Circuit Judge**.   Petitioner Llanery Soto seeks review an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Court's decision to dismiss her application for cancellation of removal.   We conclude that the BIA's correct application of the "stop-time" rule precludes the relief that Soto seeks.   Therefore, we deny Soto's petition for review.

## I.   Background

Soto is a native and citizen of the Dominican Republic who entered the United States on September 16, 1997, without admission or parole.   On November 14, 2005, the United States Immigration and Naturalization Service ("INS") served Soto with a Notice to Appear ("NTA") charging her as removable pursuant to the Immigration and Nationality Act ("INA"), subsections 212(a)(6)(A)(i) and 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(A)(i), (C)(i).   The NTA was not filed with the Immigration Court until February 14, 2008.   On February 27, 2008, the Immigration Court mailed a Notice of Hearing to Soto's address of record, notifying her of removal proceedings on March 27, 2008.   Soto did not appear at the hearing, and the Immigration Judge ("IJ") ordered Soto removed in absentia.

On November 10, 2009, Soto filed a motion to reopen in order to submit an application for cancellation of removal.   In an accompanying affidavit, Soto acknowledged receiving the NTA in

November 2005, although she later denied it in her pleading dated December 17, 2009. In the same pleading, Soto conceded that she was removable under § 212(a)(6)(A)(i). The Immigration Court granted the motion to reopen based on its finding that Soto had not received the Notice of Hearing. It set the deadline for Soto's application and supporting documents as November 24, 2010. On November 17, 2010, Soto filed a motion for continuance seeking additional time to file the application.

The Immigration Court issued a decision on December 17, 2010, denying the motion for continuance and holding that Soto had abandoned the application for cancellation. The court found that Soto had not offered any satisfactory reason for requesting additional time beyond the November 24 deadline to file her application for cancellation. Additionally, the court found that Soto was statutorily ineligible for cancellation of removal in any case, because she could not show ten years of continuous presence in the United States, as required by section 240A(b) of the INA, 8 U.S.C. § 1229b(b). Regarding the latter conclusion, the court found that Soto had entered the United States on September 16, 1997, and that service of the NTA on November 14, 2005, "cut[] off the lawful residence for physical presence . . . for purposes of cancellation of removal."

The BIA affirmed the Immigration Court's ruling on February 23, 2012. This court vacated that decision and remanded

to the BIA in response to an unopposed motion from the government seeking clarification of the date on which Soto received service of the NTA. On remand, the BIA confirmed that Soto was served with the NTA on November 14, 2005, and again upheld the Immigration Court's decision. The present appeal followed.

## II. Analysis

Here, Soto argues that the Immigration Court erred as a matter of law in finding that she was statutorily ineligible for cancellation of removal and abused its discretion in denying her motion for continuance. She also raises a cursory due process claim. None of Soto's arguments have merit.

"We review the BIA's legal conclusions de novo, with appropriate deference to the agency's interpretation of the underlying statute in accordance with administrative law principles." Walker v. Holder, 589 F.3d 12, 18 (1st Cir. 2009). "This includes a de novo review of due process claims." Toribio-Chavez v. Holder, 611 F.3d 57, 62 (1st Cir. 2010). "We review the agency's factual findings, including credibility determinations, under the substantial evidence standard, and may overturn those findings only if 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Lin v. Gonzales, 503 F.3d 4, 7 (1st Cir. 2007) (quoting 8 U.S.C. § 1252(b)(4)(B)). Our review is limited to "the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). In cases such as this one,

-4-

"where the BIA has rendered a decision with its own analysis of the question at issue, our review focuses on the BIA's decision, not the IJ's." Vásquez v. Holder, 635 F.3d 563, 565 (1st Cir. 2011).

### A. Soto's Application for Cancellation of Removal

The Attorney General has the discretion to cancel the removal of nonpermanent resident aliens who meet certain specified criteria, including physical presence in the United States "for a continuous period of not less than 10 years immediately preceding the date of such application" for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(A). The statute provides that "[f]or purposes of this section, any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a) of this title . . . ." Id. § 1229b(d)(1). This provision is known as the "stop-time" rule. Cheung v. Holder, 678 F.3d 66, 69 (1st Cir. 2012).

The BIA found as a factual matter that Soto entered the United States on September 16, 1997, and received service of the NTA on November 14, 2005, prior to the ten-year mark. Although Soto stated otherwise in her pleadings, in a sworn affidavit she testified that she received service of the NTA at that time. In light of this evidence, we conclude that the BIA's factual determination was not erroneous. Therefore, under the plain terms of the statute, Soto's period of continuous presence in the United

-5-

States for the purposes of her application is less than ten years, and she is not eligible for cancellation of removal under the stop-time rule.

Soto raises two arguments against this conclusion. First, she claims that her ten years of continuous presence accrued during the two-year period between the service of the NTA and its filing with the Immigration Court. Second (perhaps alternatively), she argues that "the ten (10) year period provided, by the plain statutory language, encompasses that period from the date of entry through the date of application, not the date of the service of the NTA." (emphasis in original). Neither argument has any legal basis. The statute unambiguously cuts off the term of continuous presence for the purposes of § 1229b at the date of the service of the NTA, regardless of when the removal proceedings actually begin. § 1229b(d)(1). As the BIA correctly pointed out, "although the Notice to Appear was not filed with the Immigration Court until 2 years after it was served, the service of the Notice to Appear is a separate issue from that of when the proceedings are commenced." Cf. Cheung, 678 F.3d at 69-71 (applying the stop-time rule where the petitioner was served before the ten-year mark with an NTA based on a charge that was later withdrawn and replaced by a separate, unrelated charge after the ten-year mark). Accordingly, we affirm the BIA's decision that Soto is statutorily ineligible for cancellation of removal.

The BIA did not address separately whether the Immigration Court abused its discretion by denying Soto's motion for an extension of time to file her application. Nevertheless, we conclude that the denial was not an abuse of discretion. Having correctly determined that Soto was statutorily ineligible for cancellation of removal, the Immigration Court had no reason to allow Soto more time to file a futile application, particularly given Soto's failure to show cause. Thus, Soto's appeal fails on that ground as well.

### B.    Due Process Claim

In her appellate brief, Soto mentions due process without clearly articulating an argument on that issue. To the extent that we can discern a due process claim, Soto appears to be arguing that the Immigration Court denied her the opportunity to be heard and present evidence by denying her motion for continuance and summarily finding her application for cancellation to be abandoned. This is not a colorable due process claim.

"[T]his court has recognized that there is a due process violation if the proceeding is so fundamentally unfair that the alien was prevented from reasonably presenting [her] case." Bernal-Vallejo v. INS, 195 F.3d 56, 63 (1st Cir. 1999). But we have also held that a denial of a continuance cannot be a due process violation where there was no abuse of discretion. See Alsamhouri v. Gonzales, 484 F.3d 117, 124 (1st Cir. 2007)("[T]he IJ

did not abuse his discretion in denying the continuance; hence, there is no possible claim that the denial rendered the proceeding fundamentally unfair.") (internal quotation marks omitted). For the reasons explained above, the Immigration Court did not abuse its discretion by denying the motion for continuance. Therefore, Soto's due process claim necessarily fails.

### III. Conclusion

For the foregoing reasons, we <u>deny</u> Soto's petition for review.