# United States Court of Appeals
## For the First Circuit

No. 11-2237

MUHAMMAD SALEEM SHEIKH,

Petitioner,

v.

ERIC H. HOLDER, JR., United States Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Ripple[*] and Lipez,
Circuit Judges.

Kevin R. Murphy on brief for petitioner.
Tony West, Assistant Attorney General, Civil Division, with whom Cindy S. Ferrier, Assistant Director and Lindsay M. Murphy, Attorney, Office of Immigration Litigation, on brief for respondent.

October 10, 2012

---

[*]Of the Seventh Circuit, sitting by designation.

**HOWARD**, **Circuit Judge**.  Muhammad Saleem Sheikh, a native and citizen of Pakistan, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA").  The order came after the BIA dismissed Sheikh's appeal of an immigration judge's ("IJ") denial of a continuance in his removal proceedings.[1]  We deny the petition.

## I. Background

Sheikh entered the United States in April 2001 on a non-immigrant visitor's visa.  The visa expired six months later, yet Sheikh remained in the United States.  In the spring of 2003, the government served him with a notice to appear and initiated removal proceedings against him under 8 U.S.C. § 1227(a)(1)(B).

In May 2003, Sheikh appeared in the Boston Immigration Court and obtained a continuance until August.  At the August hearing, after Sheikh's counsel stated that Sheikh would seek political asylum and that successor counsel would file an appearance, the matter was reset until September.  Due to some confusion about successor counsel, Sheikh was unrepresented at that September hearing.  Consequently, the IJ reset the hearing once again, this time for September 2004.  At this hearing, the case was

---

[1]  Sheik's petition also refers to a claim made under the Convention Against Torture.  As he did not raise this issue before the BIA, we may not consider it.  See 8 U.S.C. § 1252(d)(1); Silva v. Gonzales, 463 F.3d 68, 72 (1st Cir. 2006) ("Under the exhaustion of remedies doctrine, theories insufficiently developed before the BIA may not be raised before this court.").

again continued at Sheik's request to await the adjudication of a then-pending labor certification that had been filed by Sheik's employer in March 2003 for the purpose of obtaining an immigrant worker visa. Sheik also indicated in his pleadings his intention to apply for relief in the form of withholding of removal, voluntary departure, and protection under CAT. Of the three, Sheikh filed only an application for withholding.

In August 2005, Sheikh moved to withdraw this application, instead deciding to proceed solely on the basis of his employment-based (I-140) visa petition. The IJ granted the motion to withdraw in March 2006, leaving the I-140 petition as Sheikh's only application before the IJ. The IJ subsequently granted an additional seven continuances over the next several years as Sheikh awaited a determination of his I-140 petition. Eventually the petition was granted and filed with the Immigration Court in connection with a scheduled March 2010 hearing.

At that hearing Sheikh conceded that he was ineligible to adjust his immigrant status despite his approved I-140 petition.[2] With no hope for adjustment under current law, Sheikh requested a six-month continuance to await the passage of comprehensive

---

[2] Sheikh is ineligible to adjust his status under both 8 U.S.C. § 1255(c)(2), (k) (denying eligibility to any alien who has failed to maintain continuous lawful residence for more than 180 days), and 8 U.S.C. § 1255(i) (granting status adjustment eligibility only to aliens who file an approved labor certification prior to April 30, 2001).

immigration reform that would render him eligible for status adjustment. The IJ denied this request but granted Sheikh ninety days to sort out his personal affairs.

At the next hearing, in June 2010, Sheikh again requested a continuance. The IJ denied this request, noting both that the case had been pending for many years and that Sheikh had no other pending applications. Moreover, Sheikh again conceded that he was ineligible for any relief at that time and that he was hoping that a change in immigration law would inure to his benefit.

Sheikh appealed to the BIA, but did not file a brief or statement in connection with his appeal. After addressing the issue of the IJ's denial of continuance, which was the sole issue raised in Sheikh's Notice of Appeal, the BIA affirmed. It found that Sheikh had not established good cause for the continuance, as he was statutorily ineligible for status adjustment. The prospect of comprehensive immigration reform, the BIA determined, was insufficient to justify further continuances.

## II. Discussion

We review the denial of a continuance for abuse of discretion. Gomez-Medina v. Holder, 687 F.3d 33, 37 (1st Cir. 2012). Under this deferential approach, we determine whether the BIA or the IJ "made an error of law or acted in a manner that is arbitrary and capricious." Cruz-Bucheli v. Gonzales, 463 F. 3d 105, 107 (1st Cir. 2006).

An "Immigration Judge may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. Where an alien seeks a continuance to await a pending visa application and status adjustment, the BIA has set forth specific standards as to what constitutes "good cause." These include:

> 1) the [government's] response to the motion; 2) whether the underlying visa petition is prima facie approvable; 3) the [alien's] statutory eligibility for adjustment of status; 4) whether the . . . application for adjustment merits a favorable exercise of discretion; and 5) the reason for the continuance and other procedural matters.

Matter of Hashmi, 24 I. & N. Dec. 785, 790 (2009); see also Matter of Rajah, 25 I. &. N. Dec. 127, 135-136 (2009) (adopting the Hashmi test when reviewing a motion to continue during a pending I-140 petition). In Hashmi, the BIA described these factors as "illustrative, not exhaustive," and noted that "the focus of the inquiry is the likelihood that the adjustment application will be granted." Hashmi, 24 I. & N. at 790.

There was no abuse of discretion in the decision to deny the motion for continuance under the standards set forth in Hashmi. It is undisputed that, in its review, the BIA appropriately focused on Sheikh's eligibility for status adjustment. While Sheikh had obtained an approved labor certification, he nevertheless was ineligible for status adjustment. Sheikh argues, however, that his current ineligibility is only a matter of timing, that comprehensive immigration reform will render him eligible for

status adjustment, and this prospect provides good cause for further continuance. The IJ and the BIA declined to entertain this argument, and we find no abuse of discretion in that decision.

Courts have repeatedly held that, where eligibility for status adjustment rests on speculative events, the BIA may properly deny the continuance. E.g., Thimran v. Holder, 599 F.3d 841, 845 (8th Cir. 2010); Khan v. Attorney General of the United States, 448 F.3d 226, 234-235 (3d Cir. 2006). Hernandez v. Holder is instructive. In that case, the Eighth Circuit upheld the BIA's denial of a continuance to await proposed rulemaking. The court found that "in light of the uncertainty as to when the long-pending . . . regulation will be promulgated, [petitioner was] essentially seeking an indefinite continuance." 606 F.3d 900, 904 (8th Cir. 2010).

This case is similar, given that there is no basis in the record to predict, beyond mere speculation, congressional action favorable to Sheikh. And here the speculation is three-fold: whether Congress will pass immigration legislation, whether such action will occur in the near future, and whether this hypothetical legislation will allow Sheikh to remain in the United States. Given these significant uncertainties, Sheikh's hopes for immigration reform do not warrant forbearance in his removal proceedings.

## III. Conclusion

For the foregoing reasons, Shiekh's petition for review is **<u>denied</u>**.