**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1526

JORGE SENA SILVA,

Petitioner,

v.

LORETTA E. LYNCH,
Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Lipez, and Thompson,
Circuit Judges.

George Charles Maroun Jr. on brief for petitioner.
Lindsay M. Murphy, Trial Attorney, Office of Immigration
Litigation, United States Department of Justice, Benjamin C.
Mizer, Principal Deputy Assistant Attorney General, Civil
Division, and Cindy S. Ferrier, Assistant Director, on brief for
respondent.

January 28, 2016

**LYNCH**, **Circuit Judge**.  Jorge Sena Silva ("Silva"), a native and citizen of Brazil, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on April 1, 2015.[1]  Silva contends that the BIA erred in affirming the Immigration Judge's ("IJ") order because the IJ abused her discretion in denying his January 23, 2013, request for a continuance after granting many other such requests, and that the denial of a continuance violated his due process rights.  We deny the petition.

I.

Jorge Sena Silva entered the United States on a six-month tourist visa in February 1998.  In 1999, Silva's employer, Assembly of God in Boston, filed an I-360 Special Immigrant Religious Worker visa petition on Silva's behalf, which was approved in 2000 but subsequently revoked in 2003 after Silva's attorney at the time, Javier Lopera ("Lopera"), was convicted of federal crimes related to the filing of fraudulent visa petitions.  Silva has maintained that he is a legitimate pastor and a victim of Lopera's ineffective assistance of counsel.

Silva was placed in removal proceedings in July 2004 for remaining in the United States longer than permitted, in violation

---

[1]     Ruth Cardoso Silva, Silva's wife, was a party to the appeal in this matter to the BIA, but she is not a petitioner to this court in this case.  She remains involved as an interested party.

of 8 U.S.C. § 1227(a)(1)(B).[2]  At his May 20, 2005, proceeding, Silva informed the IJ that he had filed with the United States Citizen and Immigration Services ("USCIS"), an agency within the Department of Homeland Security ("DHS"), a motion to reopen his 1999 petition; Silva requested a continuance on the basis that his petition remained pending with USCIS.  The IJ granted the continuance and continued granting continuances for almost five years while the motion to reopen appeared to have remained pending with USCIS.

At a May 6, 2010, proceeding, Silva informed the court that the motion to reopen still remained pending before USCIS, but that in hopes of expediting the immigration process, he had found a new employer sponsor and a second I-360 visa petition had been filed.  World Revival Church had filed an I-360 on his behalf in 2008.  Silva represented that although the second petition had been denied, it was then on appeal with USCIS.  Because of the pending matters, the IJ granted another continuance.[3]

At his January 23, 2013, proceedings before the IJ, Silva acknowledged that the motion to reopen the first petition had been

---

[2]    Although Silva originally denied his removability, the IJ's opinion states that Silva conceded removability, and Silva has not challenged the finding on appeal.  We therefore assume Silva is removable as charged.

[3]    Based on confusion around the status of the motion to reopen and the pending appeal of the second visa petition, three additional continuances were granted between 2010 and 2013.

denied as of May 20, 2010, and that the appeal of his second visa petition was dismissed in February of 2011.  Yet, he again moved for a continuance on the basis of a supposed pending motion to USCIS to reconsider the denial of the motion to reopen the first petition.  The IJ concluded that both visa petitions had been fully adjudicated, and relying on the several factors endorsed in Matter of Rajah, 25 I. & N. Dec. 127 (BIA 2009), did not find a reason to permit further delay.  The IJ granted Silva voluntary departure over the government's objection.

Silva appealed to the BIA, asserting that it was error for the IJ not to review his application for adjustment of status, an application which he suggested was either submitted to or raised before the IJ.[4]  On April 1, 2015, the BIA dismissed the appeal, finding that the IJ did not err in not allowing the continuance, as Silva was ineligible for adjustment of status and had not

---

[4]    Pursuant to 8 U.S.C. § 1255(a), "the Attorney General [has the discretion to] adjust an alien's status to that of a lawful permanent resident," Mele v. Lynch, 798 F.3d 30, 32 (1st Cir. 2015), "if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed."  8 U.S.C. § 1255(a).
      Silva's briefing before the BIA asserted that he was appealing the IJ's denial of his request "to adjudicate his I-485 Application for Adjustment of Status previously denied by USCIS due to the fraudulent activity of the attorney who handled the I-360 Special Immigrant Religious Worker and Adjustment applications filed by respondent and his family."

requested that relief before the IJ. The BIA issued a final removal order allowing Silva to depart voluntarily. This petition for review followed.

## II.

Before us, Silva contends that the IJ should have granted a continuance and that failing to do so violated his due process rights.[5] When the BIA affirms a decision of an IJ but discusses the reasoning of the IJ's opinion, our review examines both opinions. See Weng v. Holder, 593 F.3d 66, 71 (1st Cir. 2010).

We review the denial of a continuance in Silva's case for abuse of discretion. Sheikh v. Holder, 696 F.3d 147, 149 (1st Cir. 2012). Federal regulations permit an immigration judge to grant a motion for a continuance for good cause. 8 C.F.R. § 1003.29. The BIA has previously set forth several factors to guide an IJ's analysis of whether there is "good cause," and while

---

[5] Our review is limited to Silva's final order of removal. The revocation of Silva's first I-360 visa petition and denial of his second did not occur within the context of his removal proceedings in front of the IJ. Review of those petitions was never sought before the IJ, and they are not properly before this court. See 8 U.S.C. § 1252(d)(1).

In his brief, Silva makes a "prosecutorial discretion request" that the "respondent grant and exercise prosecutorial discretion to cancel, administratively close or otherwise terminate all removal proceedings as to petitioner." This does not appear to be an argument for this court's consideration, but a request directed at the government, one that Silva is free to pursue with the government prior to his departure. Regardless, Silva made no such argument before the BIA, and so we lack jurisdiction to consider the argument now. See Lopez-Reyes v. Gonzales, 496 F.3d 20, 22-23 (1st Cir. 2007).

"the focus of the inquiry is the likelihood that the adjustment application will be granted," Matter of Hashmi, 24 I. & N. Dec. 785, 790 (BIA 2009), there are a number of other considerations, including:

> 1) the [government's] response to the motion; 2) whether the underlying visa petition is prima facie approvable; 3) the [alien's] statutory eligibility for adjustment of status; 4) whether the . . . application for adjustment merits a favorable exercise of discretion; and 5) the reason for the continuance and other procedural matters.

Sheikh, 696 F.3d at 149-50 (alterations in original) (quoting Matter of Hashmi, 241 I. & N. Dec. at 790); see Matter of Rajah, 25 I. & N. Dec. at 130, 135-36.

Denying Silva a continuance was not an abuse of discretion under the standards adopted in Matter of Rajah. Silva's visa petitions had been revoked and denied; he was statutorily ineligible for adjustment of status because he lacked an immediately available visa, see 8 U.S.C. § 1255(a); and the government was opposed to his request. The IJ acted well within her discretion in finding that Silva's supposedly pending motion to USCIS to reconsider the denial of his motion to reopen one of his failed I-360 visa petitions did not justify further delay.

Silva also argues that "the denied continuance deprived him of a fair hearing and, thus, transgressed his right to due process." Giving Silva the benefit of the doubt that this argument

is even properly before us, his due process claim is untenable. The court was more than fair to Silva, granting continuance after continuance over the course of some seven years, even after the government confirmed that Silva's first and second petitions had been revoked and denied, respectively. Apart from an oblique reference to the merits of his adjustment of status application, an application which was not before the IJ or the BIA and is not before this court, Silva's only contention is that "[t]he denied continuance somehow produced a fundamentally unfair hearing." Neither his I-360 petitions nor a request for an adjustment of status was before the IJ, Silva received his requested relief of voluntary departure, and Silva failed to show unfairness. We find no violation of due process.

### III.

The petition for review is denied.